UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERUSALEM NY ENTERPRISES LLC,<br><br>                  Plaintiff,<br><br>      v.<br><br>HUBER ERECTORS & HOISTING, LLC,<br>KAKEL MAINTENANCE & CONSTRUCTION,<br>RICHARD T. LAUER, ESQ. and LAUERLAW, LLC,<br><br>                  Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that the defendants, **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC** (hereinafter "Defendants"), by and through their undersigned counsel, hereby removes this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and state to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following grounds in support of removal of the above-captioned matter:

**BACKGROUND OF CASE AND TIMELINESS OF REMOVAL**

1.  On or about December 23, 2020, plaintiff Jerusalem NY Enterprises LLC (hereinafter "Plaintiff") commenced this civil action against **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC**, and against Huber Erectors & Hoisting, LLC (hereinafter "Huber") and Kakel Maintenance & Construction (hereinafter "Kakel"), in the Supreme Court of the State of New York, County of Kings, by filing a Summons and Verified Complaint with the Kings

County Clerk's Office under Index Number 525787/2020 (hereinafter the "State Court Action"). A true and correct copy of the Summons and Complaint is annexed hereto as <u>Exhibit "A"</u>.

2. This matter arises out of the enforcement of a garnishment entry against Plaintiff's bank account following the grant of summary judgment awarded to Huber and Kakel, against non-parties JNY Capital and Cincinnati Terrace Associates LLC, on their cross-claim for breach of contract asserted in a public nuisance action currently pending in the Court of Common Pleas, Hamilton County, Ohio, captioned as: *City of Cincinnati v. Cincinnati Terrace Associates, LLC, et al.*, Case No. A1901286 (hereinafter the "Ohio Action"). **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC** purportedly represented Huber and Kakel in the Ohio Action. Plaintiff claims that the garnishment of its bank account was improper and/or premature, and seeks to recover monetary damages for alleged prima facie tort, conversion, fraud/fraudulent inducement, and abuse of process (see <u>Exhibit "A"</u> at ¶ 38-69).

3. Plaintiff served **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC** with the Summons and Complaint via out-of-state personal service within the State of Ohio, where Defendants reside, on or about December 29, 2020. True and correct copies of Plaintiff's Proof of Service are annexed hereto as <u>Exhibit "B"</u>. Upon information and belief, Huber and Kakel have not been served with the Summons and Complaint.

4. Accordingly, pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal has been timely filed within thirty (30) days after receipt by Defendants of the initial pleading in the State Court Action. The Summons and Complaint (see <u>Exhibit "A"</u>) and Plaintiff's Proof of Service (see <u>Exhibit "B"</u>) constitute all of the process, pleadings and orders in the State Court Action that have been served upon Defendants to date. No further proceedings have been held in the State Court Action.

## GROUNDS FOR REMOVAL

5. 28 U.S.C. § 1332 provides the basis for this Court's removal jurisdiction over the State Court Action. Section 1332(a) provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States …

See 28 U.S.C. § 1332(a). Further, 28 U.S.C. § 1332(c) (1) provides, in pertinent part:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant . . .

See 28 U.S.C. § 1332(c). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As explained below, this Court has original jurisdiction over this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6. Plaintiff is a legal entity that is registered and conducts business in the State of New York (see Exhibit "A" at ¶ 1). Plaintiff is a New York-based, domestic limited liability company managed and operated by an individual named Ezra Unger (see Exhibit "A" at ¶ 9). Upon information and belief, Ezra Unger is Plaintiff's sole member and is a citizen of New York.

6954163

7. **RICHARD T. LAUER, ESQ.** is an individual residing in the State of Ohio, is licensed to practice law in the State of Ohio, and is the sole member of **LAUERLAW, LLC**. **LAUERLAW, LLC** is a limited liability company and likewise has its principal place of business in the State of Ohio (see Exhibit "A" at ¶ 5-6).

8. According to the Complaint, Huber is a legal entity that is registered in the State of Washington and conducts business in the State of Ohio (see Exhibit "A" at ¶ 2). Upon information and belief, Huber's member(s) are citizens of Ohio.

9. The Complaint also asserts that Kakel is an unincorporated fictitious entity that conducts business in the State of Ohio (see Exhibit "A" at ¶ 3). Upon information and belief, Kakel's member(s) are citizens of Ohio.

10. Therefore, Plaintiff, on the one hand, and all of the defendants, on the other hand, are citizens of different States. Accordingly, there is complete diversity of citizenship between the parties to this action under 28 U.S.C. § 1332(a)(1).

11. Furthermore, Plaintiff expressly seeks monetary relief in the sum of no less than $149,137.64 on each of the four causes of action contained in the Complaint, for an aggregate amount totaling at least $596,550.56 (see Exhibit "A" at pp. 10-11). Thus, the amount in controversy far exceeds the sum or value of $75,000 exclusive of interest and costs. Consequently, Defendants may remove the State Court Action pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

12. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and order served upon Defendants in the State Court Action are annexed hereto as Exhibit "A" and Exhibit "B". As noted above, this Notice of Removal has been filed within thirty (30) days

of the date that Defendants received the Summons and Complaint. This Notice of Removal has also been filed before any proceedings have been conducted in the Supreme Court of the State of New York, County of Kings, and well within one year of the filing date of the State Court Action. Therefore, this Notice of Removal is timely and proper under 28 U.S.C. § 1446(b).

13. As required by 28 U.S.C. §1446(d), concurrently with this filing, Defendants are filing and serving a true and correct copy of this Notice of Removal with the Supreme Court, County of Kings, thereby providing notice to Plaintiff of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

14. This Notice of Removal is being filed in the United States District Court for the Eastern District of New York the District Court of the United States within which the State Court Action is pending as required by 28 U.S.C. §§ 1441(a) and 1446(a).

15. Accordingly, Defendants have satisfied all procedural requirements governing removal pursuant to 28 U.S.C. §§ 1441 and 1446, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

16. By filing this Notice of Removal, Defendants do not waive any objections or defenses that may be available to it, including but not limited to lack of personal jurisdiction, improper service of process and improper venue. Defendants respectfully submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has established jurisdiction over the Defendants, or has pled any claims upon which relief may be granted.

17. This Notice of Removal is signed pursuant to Fed. R. Civ. Pr. 11. See 28 U.S.C. § 1446(a).

6954163

**WHEREFORE**, Defendants **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC** hereby remove this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated:  Valhalla, New York
January 22, 2021

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

_____
By:     David Bloom, Esq. (DB1918)
Attorneys for Defendants
**RICHARD T. LAUER, ESQ.** and
**LAUERLAW, LLC**
200 Summit Lake Drive
Valhalla, NY 10595
Tel.: (914) 449-1000
E-mail: dbloom@kbrlaw.com