# EXHIBIT "A"

Case 1:21-cv-00376-MKB-CLP   Document 1-1   Filed 01/22/21   Page 2 of 13 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____X          Index No.:

JERUSALEM NY ENTERPRISES LLC

                      Plaintiff,                            **SUMMONS**
        -against-

HUBER ERECTORS & HOISTING, LLC, and
KAKEL MAINTENANCE & CONSTRUCTION, and
RICHARD T. LAUER, ESQ., and
LAUERLAW, LLC.

                      Defendants.
_____X

**To the above named Defendant(s):**

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to**

Appear in the Supreme Court of the State of New York, County of Kings at 360 Adams St #4, Brooklyn, NY 11201 to answer the complaint of the herein named plaintiff and to serve a copy of your answer on the plaintiff at within the time provided by law; within 20 days after the service of this summons, exclusive of the days of service, or 30 days after service is complete if this summons is not personally delivered to you within State of New York. In the case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in this complaint.

Plaintiff's address:   4013 13TH AVENUE, 2ND FLOOR,
                       BROOKLYN, NEW YORK, 11218
Defendants' addresses:

HUBER ERECTORS & HOISTING, LLC          RICHARD T. LAUER, ESQ, and
KAKEL MAINTENANCE & CONSTRUCTION        LAUERLAW, LLC
1581 GOODMAN AVE                        335 West Fourth St.
CINCINNATI, OH 45224                     Cincinnati, OH, 45202

Dated: Manhasset, New York
       December 23, 2020
                          By:   _Diana Rubin_____
                                **THE LAW OFFICE OF DIANA RUBIN**
                                *Diana Rubin Esq.*
                                Attorney for Plaintiff
                                *Jerusalem NY Enterprises LLC*
                                1129 Northern Blvd, Suite 404
                                Manhasset, NY 11030
                                Tel (212) 603-9334
                                Fax (516) 272-4171

1

Case 1:21-cv-00376-MKB-CLP Document 1-1 Filed 01/22/21 Page 3 of 13 PageID #: 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____X          Index No.:
JERUSALEM NY ENTERPRISES LLC

                Plaintiff,                              **COMPLAINT**

        -against-

HUBER ERECTORS & HOISTING, LLC, and
KAKEL MAINTENANCE & CONSTRUCTION, and
RICHARD T. LAUER, ESQ., and
LAUERLAW, LLC.

                Defendants.
_____X

        Plaintiff, JERUSALEM NY ENTERPRISES LLC, ("JNE" or "Plaintiff"), for its Complaint

against all defendants, (collectively - "Defendants"), alleges upon information and belief as

follows:

## The Parties

1.       Plaintiff, Jerusalem NY Enterprises LLC ("Plaintiff" or "JNE") is a legal entity that is

        registered and conducts business in the State of New York.

2.       Defendant Huber Erectors & Hoisting, LLC ("Defendant-1" or "Huber") is a legal entity

        that, upon information and belief, is registered in the State of Washington and conducts

        business in the State of Ohio.

3.       Defendant Kakel Maintenance & Construction ("Defendant-2" or "Kakel"), is, upon

        information and belief, a fictitious entity that lacks proper business registration and is

        not incorporated. Upon information and belief, Kakel conducts business in the State of

        Ohio.

4.       Defendant "Huber" and defendant "Kakel" are collectively referred hereunder as "Huber

        and Kakel".

2

5.      Defendant Richard T. Lauer, ESQ is an individual that, upon information and belief, resides in the State of Ohio. Richard T. Lauer, ESQ is/was licensed attorney that represents/represented Huber and Kakel.

6.      Defendant LauerLaw, LLC is a domestic limited liability company, with, upon information and belief, its principal place of business in the State of Ohio. LauerLaw, LLC is/was representing Kakel and Huber.

## Jurisdiction and Venue

7.      This Court has subject matter jurisdiction over the occurrences relating to the losses claimed by plaintiff as the amount in controversy, exclusive of interest and cost, exceeds the jurisdictional limits of the lowest courts.

8.      Venue is proper in Kings County pursuant to CPLR §503.

## Factual Allegations

9.      Plaintiff, JNE, is a New York based, domestic limited liability company, which is managed and operated by an individual named Ezra Unger.

10.     Ezra Unger concurrently manages another legal entity, namely JNY Capital ("JNY"). JNY is currently implicated in a lawsuit ("Ohio action"), litigated in the State of Ohio.

11.     Specifically, the Ohio action was brought by the City of Cincinnati in Court of Common Pleas, Hamilton County, Ohio ("Ohio's Court") against Cincinnati Terrace Associates LLC ("CTA") and JNY. Defendants in the current action, Huber and Kakel, were also named as defendants in Ohio action.

12.     After the commencement of Ohio action, Huber and Kakel cross-claimed against CTA and JNY. JNE was never party to that action and never had any business relations/dealings with Huber and/or Kakel.

13.     On October 17, 2019 Huber and Kakel filed a motion for summary judgment in Ohio action, in which they contended that **they** "and **JNY** entered into a written contract

3

INDEX NO. 525787/2020
RECEIVED NYSCEF: 12/23/2020

pursuant to which Huber agreed to perform certain work at the Terrace Plaza Hotel".

Again, **JNE** was never implicated in Ohio action. Also, as mentioned previously, JNE had

never executed a contract with Huber and Kakel in any form, nor it had any business

relations/dealings with Huber and Kakel.

14.    In other words, there were never any relations/interactions between JNE and Huber

and/or Kakel, though litigation proceedings, business interactions or otherwise.

15.    Ultimately, the summary judgment was granted in favor of Huber and Kakel and **against**

**JNY and CTA** on their cross-claim, unopposed. The summary judgment was non-final

and, thus, no appeals could be proffered at that point. Nor the judgment could have been

enforced by means of garnishment proceedings.

16.    Nevertheless, Huber and Kakel and their attorneys prematurely filed a Garnishment

Entry in an attempt to collect funds under the non-final judgment. Subsequently, Ohio's

Court terminated the Garnishment Entry on the grounds that the summary judgment

was non-final.

17.    Notwithstanding the foregoing, Huber and Kakel, and their attorneys filed a Garnishment

Entry against, among other parties, JNE  in a clear violation of "judgments' domestication

process". Specifically, CPLR Article 54 establishes the procedure for domestication of

foreign judgments - that is to say – judgments issued in states other than the State of

New York.

18.    Importantly, aside from the fact that JNE was never a party to said action, JNE and JNY

are New York based legal entities; JNE and JNY operational bank accounts are registered

in the State of New York. Therefore, in principle, before Garnishment Entry execution in

the State of New York on the basis of a decision rendered in the state of Ohio, Huber and

Kakel, and their attorneys had to go through judgment domestication procedures,

pursuant to CPLR Article 54.

4

Case 1:21-cv-00376-MKB-CLP   Document 1-1   Filed 01/22/21   Page 6 of 13 PageID #: 12

19. Instead, Huber and Kakel unlawfully curtailed that process and submitted their Garnishment Entry directly to Chase bank ("Chase") to freeze JNE New York bank account **(as discussed above – JNE was never named as a defendant in any judicial proceedings involving Huber and Kakel)** funds, without domesticating the judgment. It resulted in Chase placing several holds on JNE's bank accounts, in the amount of $862.03 and $36,422.38 on 08/06/2020.

20. Again, to restate, the garnishment entry was placed and enforced by Chase without judgment domestication and, **crucially, against JNE** – the party that has never been a party to a dispute(s) that involved Huber and Kakel.

21. Subsequently, said funds were transferred to Clerk of Hamilton County Court, pursuant to fraudulent (and fraudulently filed) garnishment entry.

22. The funds are retained by Hamilton County Clerk of the Court as of the date hereof, despite Ohio's Court subsequent decision holding that the garnishment entry was entered prematurely (the Court, however, did not address issues associated with judgment domestication and the fact that the garnishment entry was enforced against wrong party, therefore the current action is commenced).

23. These unlawful, egregious and fraudulent acts  financially immobilized JNE.

24. Specifically, it prevented JNE from paying its counterparties on time, exposing JNE to financial penalties for late payments.

25. Also, JNE was unable to utilize its frozen operational account to pay its employees over the period of time its banks account(s) were frozen. Employees had to be laid off as a result.

26. JNE also suffered reputational damages with its clients; its business relations with its creditors deteriorated which caused a negative effect on JNE's credit score/rating and, hence, rising interest rates.

5

Case 1:21-cv-00376-MKB-CLP   Document 1-1   Filed 01/22/21   Page 7 of 13 PageID #: 13

27.   Importantly, JNE incurred damages in the form of legal fees.

28.   All said damages/risks were incurred by JNE as a result of intentional, malicious, fraudulent and completely unjustified actions of Huber and Kakel and their attorney. Huber and Kakel knew that JNE is an unrelated party and yet they submitted to Chase a JNE informational printout from NYS Department of State requesting to freeze all accounts; Chase subsequently proceeded with the freeze (hold). The affirmative action of submitting an unrelated party information for the purpose of garnishment is ill willed and intentionally malicious.

29.   JNE consistently and systematically notified Huber and Kakel, their attorneys and Chase of the fact that a hold was enforced (placed) against improper (wrong) party, to no avail.

30.   Subsequently, the funds were transferred to the Clerk of Hamilton County Court.

31.   As of today, the funds are still withheld by Clerk of Hamilton County Court, despite Ohio's Court decision stating that the garnishment was premature, improper and, therefore, should be terminated.

32.   On a separate note, as indicated in Washington's Department of State database, Huber's license was suspended on 11/06/2017.

33.   Therefore, Huber operated for more than two years without proper licensing, during which, upon information and belief, it allegedly performed the disputed activities.

34.   As for Kakel, upon information and belief, it does not maintain proper business registration.

35.   All those facts, taken together, are indicative of pattern of systematic misconduct on part of Huber and Kakel.

36.   Eventually, it culminated in Defendants' egregious attempts to improperly file a Garnishment Entry against plaintiff, which was never a party to a lawsuit and/or never dealt with defendants.

6

Case 1:21-cv-00376-MKB-CLP   Document 1-1   Filed 01/22/21   Page 8 of 13 PageID #: 14

37.   Said garnishment holds severely, maliciously and unjustifiably restricted plaintiff in conducting its business operations. As a result, plaintiff incurred substantial damages.

## AS AND FOR FIRST CAUSE OF ACTION

(Prima Facie Tort)

38.   Plaintiff repeats and realleges each and every allegations set forth in paragraph "1" through "37" with the same force and legal effect as if more fully set forth herein.

39.   Defendants intentionally engaged in the conduct alleged above.

40.   Defendants intended its conduct to cause harm to plaintiff without justification or excuse, in an attempt to disrupt plaintiff's business, thus pressuring plaintiff into settling their  unsubstantiated claim.

41.   Defendants' conduct resulted in special damages being suffered by plaintiff.

42.   Defendants are liable for committing prima facie torts against plaintiff.

43.   As a result of Huber and Kakel intentional, unlawful and malicious actions, plaintiff incurred damages in the amount to be determined at trial, but not less than the sum of $37,284.41 along with treble damages, i.e. $149,137.64, and legal fees determined by the Court.

## AS AND FOR SECOND CAUSE OF ACTION

(Conversion)

44.   Plaintiff repeats and realleges each and every allegations set forth in paragraph "1" through "43" with the same force and legal effect as if more fully set forth herein.

45.   On June 4, 2020 attorneys for Huber and Kakel issued a Garnishment Entry upon non-final decision rendered by the Court; subsequently said defendants in rather malicious and fraudulent manner proceeded with enforcing premature Garnishment Entry by prematurely providing Garnishment Entry form to Chase along with, accompanying fradulent paperwork which contained JNE name on it. Said paperwork had no relation to

7

any court proceedings because JNE was never a party to any litigation involving Huber and Kakel prior to the current action.

46. As a result shortly after execution of Garnishment Entry, Chase froze plaintiff's bank accounts.

47. Plaintiff was the rightful owner of the monies entrusted in Chase's custody and care.

48. Huber and Kakel have refused to unfreeze Plaintiff's funds, despite Plaintiff's numerous notifications as to improper and fraudulent nature of defendant's actions.

49. Instead, Huber and Kakel, along with its attorneys wrongfully and intentionally deprived plaintiff of its property.

50. Plaintiff in no manner consented to Huber and Kakel misappropriation of their funds.

51. Plaintiff has been damaged by all defendants in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages. i.e. $149,137.64, and legal fees determined by the Court.

## AS AND FOR THIRD CAUSE OF ACTION

(Fraud/Fraudulent inducement)

54. Plaintiff repeats and realleges each and every allegations set forth in paragraph "1" through "54" with the same force and legal effect as if more fully set forth herein.

55. Huber and Kakel, and its attorneys, knowingly and fraudulently misrepresented material facts as to JNE alleged involvement into a Court's decision as a defendant, when, in fact, it was utterly untrue.

56. Based on said fraudulent misrepresentation of material facts, JNE's bank accounts were put on hold by Chase, the funds were then transferred to the Clerk of the Court. The funds have not been returned to plaintiff as of the date hereof.

57. As a result, JNE has incurred and continues to incur substantial damages, as of the date hereof.

8

INDEX NO. 525787/2020
RECEIVED NYSCEF: 12/23/2020

Case 1:21-cv-00376-MKB-CLP   Document 1-1   Filed 01/22/21   Page 10 of 13 PageID #: 16

58.   Plaintiff has been damaged by all defendants in the amount to be determined at trial, but
      not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and
      legal fees to be determined by the Court.

### AS AND FOR FOURTH CAUSE OF ACTION

(Abuse of Process)

59.   Plaintiff repeats and realleges each and every allegations set forth in paragraph "1"
      through "58" with the same force and legal effect as if more fully set forth herein.

60.   By the conduct described above Huber and Kakel, and its attorneys wrongfully employed
      regularly issued process against plaintiff, by maliciously providing fraudulent
      garnishment entry, signed by Huber and Kakel attorney, in his capacity as an officer of
      the court.

61.   The process constituting the garnishment execution is a component element of the
      judicial proceeding.

62.   The garnishment execution, subject to the current action, has unlawfully interfered with
      plaintiff's property.

63.   It is conclusive to note that in any legal proceedings whatsoever, predating the
      garnishment execution, that involved Huber and Kakel the plaintiff was not a party or
      named therein as such.

64.   Huber and Kakel, and their attorneys ulterior motive was to deprive plaintiff of its
      property and/or coerce (through fear of continued account hold) another entity, JNY
      and/or CTA to pay the amounts, claimed by Huber and Kakel.

65.   Huber and Kakel, and their attorneys maliciously and deliberately misused the civil
      judicial process to enforce garnishment entry against unrelated/improper party, i.e. JNE.

66.   Huber and Kakel, and their attorneys requested plaintiff's bank account to be held
      without any legal basis.

9

67.    Plaintiff was harmed and is still being harmed and Huber and Kakel, and their attorneys conduct was substantial factor causing plaintiff's harm.

68.    The aforementioned actions constitute abuse of process by Huber and Kakel, and its attorneys against plaintiff.

69.    As a result of Huber and Kakel intentional, unlawful and malicious actions, plaintiff incurred damages in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the Court.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiff demands judgment:

(a) On the first cause of action against all defendant for prima facie tort, awarding damages to plaintiff, in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the Court; and/or

(b) On the second cause of action against all defendants for conversion, awarding damages to plaintiff, in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the Court; and/or

(c) On the third cause of action against all defendant for fraud/fraudulent inducement, awarding damages to plaintiff, in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the Court; and/or

(d) On the fourth cause of action against all defendant for abuse of process, awarding damages to plaintiff, in the amount to be determined at trial, but not less than the sum of

10

Case 1:21-cv-00376-MKB-CLP   Document 1-1   Filed 01/22/21   Page 12 of 13 PageID #: 18

$37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the

Court; and/or


Dated: Manhasset, New York
December 23 , 2020

By:      *Diana Rubin*
                                           
**THE LAW OFFICE OF DIANA RUBIN**
*Diana Rubin Esq.*
Attorney for Plaintiff
*Jerusalem NY Enterprises LLC*
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
Tel (212) 603-9334
Fax (516) 272-4171

11

Case 1:21-cv-00376-MKB-CLP   Document 1-1   Filed 01/22/21   Page 13 of 13 PageID #: 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____X          Index No.:

JERUSALEM NY ENTERPRISES LLC


                    Plaintiff,
        -against-


HUBER ERECTORS & HOISTING, LLC, and
KAKEL MAINTENANCE & CONSTRUCTION, and
RICHARD T. LAUER, ESQ., and
LAUERLAW, LLC.


                    Defendants.
_____X

_____


                     **SUMMONS AND COMPLAINT**

_____


_____

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State. Certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (1) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fees earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a

Dated:  12/23/2020_____          Signature_____*Diana Rubin*_____

                                           Print Signer's Name_____**Diana Rubin**_____
_____

                **THE LAW OFFICE OF DIANA RUBIN**
                        *Diana Rubin Esq.*
                       *Attorney for Plaintiff*
                  JERUSALEM NY ENTERPRISES LLC
                   1129 Northern Blvd, Suite 404
                       Manhasset, NY 11030
                        Tel (212) 603-9334
                       Fax (516) 272-4171

                                                              12