

200 SUMMIT LAKE DRIVE, VALHALLA, NY 10595
TEL: 914.449.1000   FAX: 914.449.1100   WWW.KBRLAW.COM

January 26, 2021

DAVID BLOOM
DIRECT: 914.449.1085
DBLOOM@KBRLAW.COM

<u>VIA PACER</u>

Judge Margo K. Brodie
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Jerusalem NY Enterprises LLC v. Huber Erectors & Hoisting, LLC, et al.
        Case No.:       21-cv-00376-MKB-CLP
        <u>Our File No.:       255.021</u>

Dear Judge Brodie:

This office represents the defendants, Richard T. Lauer, Esq. and LauerLaw, LLC (hereinafter collectively "Lauer"), in the above-referenced matter.   In accordance with Your Honor's Individual Practices and Rules, we respectfully submit this letter requesting a pre-motion conference in anticipation of Lauer's motion for an order: pursuant to Rule 12(b)(2), dismissing the complaint on the grounds that personal jurisdiction cannot be exercised over these defendants and that doing so would violate due process; pursuant to Rule 12(b)(3), dismissing the complaint based upon improper venue; and/or pursuant to Rule 12(b)(6), dismissing the complaint on the grounds that plaintiff failed to state a claim upon which relief can be granted.

By way of background, on or about December 23, 2020, plaintiff Jerusalem NY Enterprises LLC commenced this action in the Supreme Court of the State of New York, County of Kings, seeking to recover damages for alleged prima facie tort, conversion, fraud/fraudulent inducement, and abuse of process.   This action arises out of the garnishment of the plaintiff's bank account following the grant of summary judgment awarded to the co-defendants, Huber Erectors & Hoisting, LLC (hereinafter "Huber") and Kakel Maintenance & Construction (hereinafter "Kakel"), on their cross-claim for breach of contract asserted in a public nuisance action currently pending in the Court of Common Pleas, Hamilton County, Ohio, captioned as: *City of Cincinnati v. Cincinnati Terrace Associates, LLC, et al.*, Case No. A1901286 (hereinafter the "Ohio Action").   According to the complaint, Lauer represented Huber and Kakel in the Ohio Action.   Plaintiff claims that the garnishment was improper and/or premature.   Plaintiff served Lauer with the Summons and Complaint in this matter on or about December 29, 2020, via out-of-state personal service within the State of Ohio.   By Notice of Removal dated January 22, 2021, Lauer timely removed the action to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and

Page 2

1446, based on diversity of citizenship.  Upon information and belief, plaintiff has yet to serve Huber or Kakel in this action.

There is no basis upon which a New York court could exercise personal jurisdiction over Lauer.  Defendant Richard T. Lauer, Esq. is an individual residing in the State of Ohio, is licensed to practice law solely in the State of Ohio, and is the sole member of LauerLaw, LLC.  Defendant LauerLaw, LLC is a limited liability company and likewise has its principal place of business in Ohio.   General jurisdiction does not exist over these defendants because they have no substantial contacts with New York and have not engaged in a "continuous and systematic" course of doing business in New York.  See Brown v. Lockheed Martin Corp., 814 F.3d 619 (2d Cir. 2016); Stroud v. Tyson Foods, Inc., 91 F.Supp.3d 381 (E.D.N.Y. 2015).  New York's long-arm statute is likewise unavailable in this case.  Lauer does not transact business within New York and does not contract to supply goods or services in New York.  See CPLR 302(a)(1).  Lauer does not own, use or possess real property in New York.  See CPLR 302(a)(4).  Plaintiff does not allege that Lauer committed any tortious acts within New York.  See CPLR 302(a)(3).  Rather, according to the Complaint, all of the alleged tortious acts related to the garnishment proceedings occurred in Ohio; assuming *arguendo* that plaintiff sustained damages in New York as a result of the garnishment proceedings in the Ohio Action, Lauer does not regularly conduct or solicit business in New York, does not engage in any sort of persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in New York, does not expect or reasonably expect to have any consequences in New York, and does not derive substantial revenue from interstate or international commerce.  See CPLR 302(a)(3).

Furthermore, the exercise of jurisdiction in this case fails to comply with federal due process requirements.  Lauer does not have sufficient minimum contacts with New York such that these defendants should have reasonably expected to be hauled into court in this State.  Lauer has not purposefully availed itself of the privilege of conducting activities within New York, and thus should not be burdened with having to defend this action in New York particularly since plaintiff claims that all of the alleged wrongdoing occurred in Ohio.  Forcing Lauer to do so under these circumstances would be unreasonable and does not comport with traditional notions of fair play and substantial justice.

Thus, the Complaint against Lauer should be dismissed, pursuant to Rule 12(b)(2), for lack of personal jurisdiction.  Additionally, dismissal is also warranted pursuant to Rule 12(b)(3), since Lauer does not reside in this judicial district and none of the events or omissions which gave rise to the plaintiff's claims occurred in this judicial district.  Accordingly, venue is improper under 28 U.S.C. § 1391(b).  Lauer is also entitled to dismissal pursuant to Rule 12(b)(6), based upon plaintiff's failure to state any viable claims.  Indeed, Lauer is immune from liability under the shield afforded attorneys in advising their clients.  Plaintiff's vague and conclusory allegations of fraud, malice, bad faith and intentional infliction of harm failed to satisfy the heightened pleading standard set forth in Rule 9(b).

Thank you in advance for the Court's consideration.

KAUFMAN BORGEEST & RYAN LLP

Page 3

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

David Bloom (DB1918)


cc:     The Law Office of Diana Rubin
        Attorney(s) for Plaintiff
        1129 Northern Boulevard, Suite 404
        Manhasset, New York 11030
        Tel.: (212) 603-9334
        dianarubinatty@gmail.com