UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERUSALEM NY ENTERPRISES LLC<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>HUBER ERECTORS & HOISTING, LLC, and KAKEL MAINTENANCE & CONSTRUCTION, andRICHARD T. LAUER, ESQ., and LAUERLAW, LLC.<br><br>　　　　　　　Defendants. | Case No. 21-cv-00376-MKB-CLP<br><br>**Honorable Margo K. Brodie** |

**MEMORANDUM OF LAW IN SUPPORT JERUSALEM NY ENTERPRISES LLC'S MOTION TO REMAND**

Diana Rubin
Attorney ID No.
Law Offices of Diana Rubin
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
Tel (212) 603 9334
Fax (516) 272 4171
DianaRubinAtty@gmail.com

Counsel for Plaintiff
JERUSALEM NY ENTERPRISES LLC

2

## MOTION TO REMAND

1. Plaintiff, JERUSALEM NY ENTERPRISES LLC, move the court pursuant to 28 U.S. Code § 1446 (b) (2) (a), and CPLR 302 (a) (3) (ii), remanding this action to the New York Supreme Court, County of Kings, or, alternatively, for an order directing limiting discovery as it pertains to establishing personal jurisdiction over defendants RICHARD T. LAUER, ESQ., and LAUERLAW, LLC. together with granting such other and further relief deemed just, proper and equitable.

## PROCEDURAL HISTORY

3. Plaintiff commenced this action in New York Supreme Court, County of Kings by Summons and Complaint, **Exhibit A**. The Complaint listed four causes of action: (i) Prima Facie Tort, (ii) Conversion, (iii) Fraud/Fraudulent Inducement, and (iv) Abuse of Process.

4. Defendants Richard T. Lauer, ESQ. and LauerLaw, LLC ("Defendants") then filed a Notice to Remove this action to the instant court, **Exhibit B**. Their sole basis for the removal, is that the Federal Court has original jurisdiction over the defendants.

5. Based upon the reasons provided below, Defendants' argument as to why the current action should be removed to this Court is flawed and, therefore, the current action should be remanded to New York Supreme Court, County of Kings.

## ARGUMENT

**A. The current action shall be remanded to New York State Court as it was removed to this Court in violation of 28 U.S. Code § 1446 (b) (2) (a).**

3

6. 28 U.S.C. § 1446(b) requires all defendants engaged in any given action, seeking to remove an action from state to federal court, to file a notice of removal within 30 days of receiving service of the initial pleading.

7. Particularly, pertinent parts of 28 U.S.C. § 1446(b) read as follows: "(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."

8. Needless to say, statutory provision, referenced above, is strictly enforceable within Eastern District ("E.D.N.Y").

9. For instance, in the matter captioned Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) the court granted plaintiff its motion to remand the case from E.D.N.Y. to the Supreme Court of Suffolk County due to the fact that not all defendants involved in the legal action clearly expressed their consent to remove the matter by way of "official filling or voicing consent".

10. Particularly, the court held the following: "[e]ach [defendant] must independently and unambiguously file notice of consent and intent to join in the removal. . . ." Henderson v. Holmes, 920 F. Supp. 1184, 1187 (D.Kan. 1996). Accordingly, "there must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action…"[I]t is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf…"Unfortunately for both,

4

one defendant's attempt to speak on behalf of another will not suffice…Each defendant must communicate his consent to the court by way of an official filing or voicing of consent."" Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998).

11. There clearly was no indication of consent on part of all defendants in the current action to remove the case. But, even assuming, *arguendo*, that such a consent was obtained by removing party, it was not, nonetheless, voiced or submitted in any form.

12. "Thus, an action must be remanded where there is a failure of all defendants to file express consent to the removal within the 30-day period…"A majority of courts . . . have taken a strict approach and have held a representation by one defendant in the notice of removal that all defendants have consented to be insufficient, requiring instead that each defendant independently notify the court of its consent…This "rule of unanimity" applies regardless of whether federal subject matter jurisdiction is based on diversity or federal question"" Novick v. Bankers Life Ins. Co. of New York, 410 F. Supp. 2d 98, 100 (E.D.N.Y. 2006).

13. In *Novick,* as in *Codapro,* the court held that the action should be remanded because co-defendant(s) failed to file or attempt to file consent within the 30-days statutory period of § 1446(b).

14. In other words, the standard of "mutual consent" is unilaterally upheld in the Courts of this State.

15. Turning to the circumstances of the case at bar, it should be noted that all defendants were properly served in the current action, even though, upon information an belief, defendants Huber Erectors and Hoisting LLC and Kakel Maintenance & Construction refused to accept service, despite plaintiff's diligent attempts to perform it in accordance with New York statutory requirements, **Exhibit C- affidavits of service**.

5

16. Given the Huber Erectors and Hoisting LLC and Kakel Maintenance & Construction are RICHARD T. LAUER, ESQ., and LAUERLAW, LLC clients, who currently engage in an active litigation, it is safe to assume that defendants executed their ethical and professional duties towards its clients and that they had appraised their client of this lawsuit. Hence, co-defendants Huber Erectors and Hoisting LLC and Kakel Maintenance & Construction are aware of this action and purposefully refuse service.

17. Therefore, pursuant to 28 U.S.C. § 1446(b) and a string of unilateral and unambiguous courts' decisions consistently issued in this district, the current action should be remanded to New York Supreme Court, County of Kings.

**B. The current action shall be remanded to New York State Court as it was removed to this Court in violation of CPLR 302 a (3) (ii).**

18. Additionally, the current action was removed to this Court in a clear violation of the requirements set forth in the "long-arm statute", namely CPLR 302 a (3) (ii), that confers jurisdiction by New York state courts over a non-resident defendant.

19. Pertinent part of CPLR 302 a (3) (ii), reads as follows: "(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he… (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce".

20. "Section 302(a)(3)(ii), meanwhile, "allows for jurisdiction over an out-of-state defendant with no contacts with New York, if, inter alia, the defendant is alleged to have committed a tortious act outside the State that caused, and reasonably should have been expected by the putative defendant to cause, injury to a person or property within the State." Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 32 (2d Cir. 2010). "The test of whether a defendant expects or should reasonably expect its actions to have consequences in New York is an objective one." In re Dental Supplies Antitrust Litig., No. 16-CV-696 (BMC), 2017 WL 4217115, at *7 (E.D.N.Y. Sept. 20, 2017) (citing Keman v. Kurz-Hastings, 175 F.3d 236, 241 (2d Cir. 1999)). "To ensure that [Section 302(a)(3)(ii)] is construed in a manner consistent with federal due process requirements, New York courts require 'tangible manifestations of a defendant's intent to target New York, or . . . concrete facts known to the nondomiciliary that should have alerted it to the possibility of being brought before a court in the Southern District of New York.'" Aaron Consulting Co. v. Snap Sols. LLC, 16-CV-6775 (NGG) (VMS), at *15 (E.D.N.Y. Sep. 20, 2018).

21. As was previously established in plaintiff's complaint, defendant should have reasonably expected that its/his actions would have consequences in New York by, inter alia, fraudulently filing Garnishment Entry against plaintiff – a party that has never been involved in any legal actions in any manner, shape, or form with the defendants in the current case. As was also addressed in the Complaint, defendants did so with a total disregard of well-established principles of foreign judgments domestication procedures, by completely neglecting it, thus committing two egregious wrongdoings simultaneously, in a fraudulent fashion.

7

22. Defendants, as licensed attorneys, who is held to higher standard in front of the law, knew or should have known that they might face legal consequences of their fraudulent activities but nonetheless proceeded with their fraudulent scheme anyway.

23. Therefore, applying the standards, addressed above, defendants possessed concrete facts and knowledge that should have alerted them to the possibility of being brought before the state courts of this State, deliberately chose to disregard the color of the law and availed themselves to New York State jurisdiction. Thus, it has been established by plaintiff, by virtue of its Complaint, that defendants committed a tortious act without the state, caused injury to the plaintiff within New York State, expected or should reasonably expected (as a law firm/licensed attorney) the act to have consequences in the State of New York – where Plaintiff is incorporated and conducts it business.

24. As such, the remaining criteria plaintiff ought to satisfy pursuant to statutory requirements of CPLR 302 a (3) (ii) is whether defendants "derive substantial revenue from interstate or international commerce".

25. "CPLR § 302(a)(3)(ii). In order for jurisdiction to attach under this provision, five elements must be met: (1) defendants committed a tortious act outside of New York; (2) plaintiff's claims arise from that act; (3) the act caused injury to a person or property within New York; (4) the consequences of the act in New York were reasonably foreseeable; and (5) defendants derive substantial revenue from interstate or international commerce.…each case must be decided based on its own set of facts, [and there] is no specific dollar threshold at which revenue becomes 'substantial' for purposes of CPLR § 302(a)(3)(ii)." Id. Instead, "the main concern is the 'overall nature of the defendant's business and the extent to which he can fairly

8

be expected to defend lawsuits in foreign forums.' Jewell v. Music Lifeboat, 254 F. Supp. 3d 410, 421 (E.D.N.Y. 2017).

26. "Among the most important facts of each case are the overall nature of the defendant's business and the extent to which he can fairly be expected to defend lawsuits in foreign forums." Complexions, Inc. v. Industry Outfitters, Inc., 1:09-CV-1402, at *8 (N.D.N.Y. Aug. 9, 2011).

27. The same principle was echoed in numerous decisions issued by E.D.N.Y.

28. Upon information and belief, defendant(s) derive substantial revenue by providing legal services across at least two states: Ohio and Kentucky (defendants web-site, among other things, names these two states, https://lauerlawllc.com).

29. As established by numerous decisions issued by this Court, and as demonstrated above, "there is no specific dollar threshold at which revenue becomes 'substantial' for purposes of CPLR § 302(a)(3)(ii). Instead, the main concern is the overall nature of the defendant's business and the extent to which he can fairly be expected to defend lawsuits in foreign forums".

30. Thus, applying the legal standards addressed above, a reasonable conclusion can be drawn, that the major purpose of the "substantial revenue" requirement is to establish that defendant(s) can "fairly be expected to defend lawsuits in foreign forums".

31. There is no question that defendants – as a law firm and/or licensed attorney - could and should be expected to be able to defend themselves in a lawsuit in this State. As active actors and participants of the legal industry they are well-positioned to do so.

9

32. If, nonetheless, this Court is unconvinced with the foregoing argument, it should, at least, provide the plaintiff with the opportunity to "develop a full factual record" to establish personal jurisdiction over the defendants by virtue of discovery.

33. "It is well settled under Second Circuit law that, even where plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record. Leon v. Igor Shmukler, Thinomenon, Inc., 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014).

34. "The decision to permit jurisdictional discovery is within the discretion of the district court." Aaron Consulting Co. v. Snap Sols. LLC, 16-CV-6775 (NGG) (VMS), at *17 (E.D.N.Y. Sep. 20, 2018) ---the curt did not grant discovery.

35. "[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue . . ."" University of Pittsburgh v. Hedrick, 06-MC-176 (NG) (KAM), at *3 (E.D.N.Y. Nov. 20, 2006).

## CONCLUSION

36. Plaintiff JERUSALEM NY ENTERPRISES LLC requests this Court to remand this action to the State of New York, County of Kings pursuant to 28 U.S. Code § 1446 (b) (2) (a) and pursuant to CPLR 302 (3), or, alternatively, direct the parties herein to conduct a limited discovery as it pertains to establishing the personal jurisdiction over defendants.

Respectfully Submitted,

By: _____Diana Rubin_____
**The Law Office of Diana Rubin**
*Diana Rubin Esq.*
*Attorney for Plaintiff*
JERUSALEM NY ENTERPRISES LLC
1129 Northern Blvd, Suite 404

10

Manhasset, NY 11030
Tel (212) 603-9334
Fax (515) 272-4171

11