UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JERUSALEM NY ENTERPRISES LLC,

                 Plaintiff,

    v.

HUBER ERECTORS & HOISTING, LLC,
KAKEL MAINTENANCE & CONSTRUCTION,
RICHARD T. LAUER, ESQ. and LAUERLAW, LLC,

                 Defendants.

Civil Action No.:

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

    **PLEASE TAKE NOTICE** that the defendants, **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC** (hereinafter "Defendants"), by and through their undersigned counsel, hereby removes this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and state to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following grounds in support of removal of the above-captioned matter:

**BACKGROUND OF CASE AND TIMELINESS OF REMOVAL**

    1.    On or about December 23, 2020, plaintiff Jerusalem NY Enterprises LLC (hereinafter "Plaintiff") commenced this civil action against **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC**, and against Huber Erectors & Hoisting, LLC (hereinafter "Huber") and Kakel Maintenance & Construction (hereinafter "Kakel"), in the Supreme Court of the State of New York, County of Kings, by filing a Summons and Verified Complaint with the Kings

1

6954163

County Clerk's Office under Index Number 525787/2020 (hereinafter the "State Court Action"). A true and correct copy of the Summons and Complaint is annexed hereto as <u>Exhibit "A"</u>.

2.      This matter arises out of the enforcement of a garnishment entry against Plaintiff's bank account following the grant of summary judgment awarded to Huber and Kakel, against non-parties JNY Capital and Cincinnati Terrace Associates LLC, on their cross-claim for breach of contract asserted in a public nuisance action currently pending in the Court of Common Pleas, Hamilton County, Ohio, captioned as: *City of Cincinnati v. Cincinnati Terrace Associates, LLC, et al*., Case No. A1901286 (hereinafter the "Ohio Action"). **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC** purportedly represented Huber and Kakel in the Ohio Action. Plaintiff claims that the garnishment of its bank account was improper and/or premature, and seeks to recover monetary damages for alleged prima facie tort, conversion, fraud/fraudulent inducement, and abuse of process (see <u>Exhibit "A"</u> at ¶ 38-69).

3.      Plaintiff served **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC** with the Summons and Complaint via out-of-state personal service within the State of Ohio, where Defendants reside, on or about December 29, 2020. True and correct copies of Plaintiff's Proof of Service are annexed hereto as <u>Exhibit "B"</u>. Upon information and belief, Huber and Kakel have not been served with the Summons and Complaint.

4.      Accordingly, pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal has been timely filed within thirty (30) days after receipt by Defendants of the initial pleading in the State Court Action. The Summons and Complaint (see <u>Exhibit "A"</u>) and Plaintiff's Proof of Service (see <u>Exhibit "B"</u>) constitute all of the process, pleadings and orders in the State Court Action that have been served upon Defendants to date. No further proceedings have been held in the State Court Action.

6954163

## **GROUNDS FOR REMOVAL**

5.    28 U.S.C. § 1332 provides the basis for this Court's removal jurisdiction over the

State Court Action.  Section 1332(a) provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil
> actions where the matter in controversy exceeds the sum or value
> of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States …

See 28 U.S.C. § 1332(a).  Further, 28 U.S.C. § 1332(c) (1) provides, in pertinent part:

> a corporation shall be deemed to be a citizen of every State and
> foreign state by which it has been incorporated and of the State or
> foreign state where it has its principal place of business, except that
> in any direct action against the insurer of a policy or contract of
> liability insurance, whether incorporated or unincorporated, to
> which action the insured is not joined as a party-defendant . . .

See 28 U.S.C. § 1332(c).  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed

by the defendant or defendants, to the district court of the United States for the district and

division embracing the place where such action is pending."  As explained below, this Court has

original jurisdiction over this civil action because the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6.    Plaintiff is a legal entity that is registered and conducts business in the State of

New York (see Exhibit "A" at ¶ 1).  Plaintiff is a New York-based, domestic limited liability

company managed and operated by an individual named Ezra Unger (see Exhibit "A" at ¶ 9).

Upon information and belief, Ezra Unger is Plaintiff's sole member and is a citizen of New

York.

6954163

7.     **RICHARD T. LAUER, ESQ.** is an individual residing in the State of Ohio, is licensed to practice law in the State of Ohio, and is the sole member of **LAUERLAW, LLC**. **LAUERLAW, LLC** is a limited liability company and likewise has its principal place of business in the State of Ohio (see Exhibit "A" at ¶ 5-6).

8.     According to the Complaint, Huber is a legal entity that is registered in the State of Washington and conducts business in the State of Ohio (see Exhibit "A" at ¶ 2).   Upon information and belief, Huber's member(s) are citizens of Ohio.

9.     The Complaint also asserts that Kakel is an unincorporated fictitious entity that conducts business in the State of Ohio (see Exhibit "A" at ¶ 3).   Upon information and belief, Kakel's member(s) are citizens of Ohio.

10.     Therefore, Plaintiff, on the one hand, and all of the defendants, on the other hand, are citizens of different States.   Accordingly, there is complete diversity of citizenship between the parties to this action under 28 U.S.C. § 1332(a)(1).

11.     Furthermore, Plaintiff expressly seeks monetary relief in the sum of no less than $149,137.64 on each of the four causes of action contained in the Complaint, for an aggregate amount totaling at least $596,550.56 (see Exhibit "A" at pp. 10-11).   Thus, the amount in controversy far exceeds the sum or value of $75,000 exclusive of interest and costs. Consequently, Defendants may remove the State Court Action pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

12.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and order served upon Defendants in the State Court Action are annexed hereto as Exhibit "A" and Exhibit "B".   As noted above, this Notice of Removal has been filed within thirty (30) days

6954163

of the date that Defendants received the Summons and Complaint. This Notice of Removal has also been filed before any proceedings have been conducted in the Supreme Court of the State of New York, County of Kings, and well within one year of the filing date of the State Court Action. Therefore, this Notice of Removal is timely and proper under 28 U.S.C. § 1446(b).

13.     As required by 28 U.S.C. §1446(d), concurrently with this filing, Defendants are filing and serving a true and correct copy of this Notice of Removal with the Supreme Court, County of Kings, thereby providing notice to Plaintiff of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

14.     This Notice of Removal is being filed in the United States District Court for the Eastern District of New York the District Court of the United States within which the State Court Action is pending as required by 28 U.S.C. §§ 1441(a) and 1446(a).

15.     Accordingly, Defendants have satisfied all procedural requirements governing removal pursuant to 28 U.S.C. §§ 1441 and 1446, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

16.     By filing this Notice of Removal, Defendants do not waive any objections or defenses that may be available to it, including but not limited to lack of personal jurisdiction, improper service of process and improper venue. Defendants respectfully submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has established jurisdiction over the Defendants, or has pled any claims upon which relief may be granted.

17.     This Notice of Removal is signed pursuant to Fed. R. Civ. Pr. 11. See 28 U.S.C. § 1446(a).

6954163

**WHEREFORE**, Defendants **RICHARD T. LAUER, ESQ.** and **LAUERLAW, LLC** hereby remove this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated:  Valhalla, New York
       January 22, 2021

                    Respectfully submitted,

                    KAUFMAN BORGEEST & RYAN LLP

                    _____

                    By:     David Bloom, Esq. (DB1918)
                    Attorneys for Defendants
                    **RICHARD T. LAUER, ESQ.** and
                    **LAUERLAW, LLC**
                    200 Summit Lake Drive
                    Valhalla, NY 10595
                    Tel.: (914) 449-1000
                    E-mail: dbloom@kbrlaw.com

6954163

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

——————————————————————————X        Index No.:

JERUSALEM NY ENTERPRISES LLC

                    Plaintiff,                                    **SUMMONS**

          -against-

HUBER ERECTORS & HOISTING, LLC, and
KAKEL MAINTENANCE & CONSTRUCTION, and
RICHARD T. LAUER, ESQ., and
LAUERLAW, LLC.

                    Defendants.

——————————————————————————X

**To the above named Defendant(s):**

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to**

Appear in the Supreme Court of the State of New York, County of Kings at 360 Adams St #4, Brooklyn, NY 11201 to answer the complaint of the herein named plaintiff and to serve a copy of your answer on the plaintiff at within the time provided by law; within 20 days after the service of this summons, exclusive of the days of service, or 30 days after service is complete if this summons is not personally delivered to you within State of New York. In the case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in this complaint.

Plaintiff's address:     4013 13TH AVENUE, 2ND FLOOR,
                              BROOKLYN, NEW YORK, 11218
Defendants' addresses:

HUBER ERECTORS & HOISTING, LLC              RICHARD T. LAUER, ESQ, and
KAKEL MAINTENANCE & CONSTRUCTION            LAUERLAW, LLC
1581 GOODMAN AVE                            335 West Fourth St.
CINCINNATI, OH 45224                         Cincinnati, OH, 45202

Dated: Manhasset, New York
          December 23, 2020
                    By:     *Diana Rubin*
                            **THE LAW OFFICE OF DIANA RUBIN**
                            *Diana Rubin Esq.*
                            Attorney for Plaintiff
                            *Jerusalem NY Enterprises LLC*
                            1129 Northern Blvd, Suite 404
                            Manhasset, NY 11030
                            Tel (212) 603-9334
                            Fax (516) 272-4171

1

Case 1:21-cv-00366-MKB-CLP Document 1-31 Filed 01/03/21 Page 93 of 263 PageID #: 104

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

_____X          Index No.:

JERUSALEM NY ENTERPRISES LLC

                      Plaintiff,          **COMPLAINT**

     -against-

HUBER ERECTORS & HOISTING, LLC, and
KAKEL MAINTENANCE & CONSTRUCTION, and
RICHARD T. LAUER, ESQ., and
LAUERLAW, LLC.

                    Defendants.

_____X

      Plaintiff, JERUSALEM NY ENTERPRISES LLC, ("JNE" or "Plaintiff"), for its Complaint

against all defendants, (collectively - "Defendants"), alleges upon information and belief as

follows:

### **The Parties**

1.    Plaintiff, Jerusalem NY Enterprises LLC ("Plaintiff" or "JNE") is a legal entity that is

registered and conducts business in the State of New York.

2.    Defendant Huber Erectors & Hoisting, LLC ("Defendant-1" or "Huber") is a legal entity

that, upon information and belief, is registered in the State of Washington and conducts

business in the State of Ohio.

3.    Defendant Kakel Maintenance & Construction ("Defendant-2" or "Kakel"), is, upon

information and belief, a fictitious entity that lacks proper business registration and is

not incorporated. Upon information and belief, Kakel conducts business in the State of

Ohio.

4.    Defendant "Huber" and defendant "Kakel" are collectively referred hereunder as "Huber

and Kakel".

2

Case 1:21-cv-00366-MKB-JLEP Document 1-1 Filed 02/03/21 Page 10 of 26 PageID #: 105

5. Defendant Richard T. Lauer, ESQ is an individual that, upon information and belief, resides in the State of Ohio. Richard T. Lauer, ESQ is/was licensed attorney that represents/represented Huber and Kakel.

6. Defendant LauerLaw, LLC is a domestic limited liability company, with, upon information and belief, its principal place of business in the State of Ohio. LauerLaw, LLC is/was representing Kakel and Huber.

### Jurisdiction and Venue

7. This Court has subject matter jurisdiction over the occurrences relating to the losses claimed by plaintiff as the amount in controversy, exclusive of interest and cost, exceeds the jurisdictional limits of the lowest courts.

8. Venue is proper in Kings County pursuant to CPLR §503.

### Factual Allegations

9. Plaintiff, JNE, is a New York based, domestic limited liability company, which is managed and operated by an individual named Ezra Unger.

10. Ezra Unger concurrently manages another legal entity, namely JNY Capital ("JNY"). JNY is currently implicated in a lawsuit ("Ohio action"), litigated in the State of Ohio.

11. Specifically, the Ohio action was brought by the City of Cincinnati in Court of Common Pleas, Hamilton County, Ohio ("Ohio's Court") against Cincinnati Terrace Associates LLC ("CTA") and JNY. Defendants in the current action, Huber and Kakel, were also named as defendants in Ohio action.

12. After the commencement of Ohio action, Huber and Kakel cross-claimed against CTA and JNY. JNE was never party to that action and never had any business relations/dealings with Huber and/or Kakel.

13. On October 17, 2019 Huber and Kakel filed a motion for summary judgment in Ohio action, in which they contended that **they** "and **JNY** entered into a written contract

3

Case 1:21-cv-00636-MKB-CLP Document 131 Filed 02/03/21 Page 5 of 28 PageID #: 106

pursuant to which Huber agreed to perform certain work at the Terrace Plaza Hotel".
Again, **JNE** was never implicated in Ohio action. Also, as mentioned previously, JNE had
never executed a contract with Huber and Kakel in any form, nor it had any business
relations/dealings with Huber and Kakel.

14. In other words, there were never any relations/interactions between JNE and Huber
and/or Kakel, though litigation proceedings, business interactions or otherwise.

15. Ultimately, the summary judgment was granted in favor of Huber and Kakel and **against
JNY and CTA** on their cross-claim, unopposed. The summary judgment was non-final
and, thus, no appeals could be proffered at that point. Nor the judgment could have been
enforced by means of garnishment proceedings.

16. Nevertheless, Huber and Kakel and their attorneys prematurely filed a Garnishment
Entry in an attempt to collect funds under the non-final judgment. Subsequently, Ohio's
Court terminated the Garnishment Entry on the grounds that the summary judgment
was non-final.

17. Notwithstanding the foregoing, Huber and Kakel, and their attorneys filed a Garnishment
Entry against, among other parties, JNE in a clear violation of "judgments' domestication
process". Specifically, CPLR Article 54 establishes the procedure for domestication of
foreign judgments - that is to say – judgments issued in states other than the State of
New York.

18. Importantly, aside from the fact that JNE was never a party to said action, JNE and JNY
are New York based legal entities; JNE and JNY operational bank accounts are registered
in the State of New York. Therefore, in principle, before Garnishment Entry execution in
the State of New York on the basis of a decision rendered in the state of Ohio, Huber and
Kakel, and their attorneys had to go through judgment domestication procedures,
pursuant to CPLR Article 54.

4

Case 1:21-cv-00636-MKB-CLP Document 131 Filed 02/03/21 Page 10 of 26 PageID #: 107

19. Instead, Huber and Kakel unlawfully curtailed that process and submitted their Garnishment Entry directly to Chase bank ("Chase") to freeze JNE New York bank account **(as discussed above – JNE was never named as a defendant in any judicial proceedings involving Huber and Kakel)** funds, without domesticating the judgment. It resulted in Chase placing several holds on JNE's bank accounts, in the amount of $862.03 and $36,422.38 on 08/06/2020.

20. Again, to restate, the garnishment entry was placed and enforced by Chase without judgment domestication and, **crucially, against JNE** – the party that has never been a party to a dispute(s) that involved Huber and Kakel.

21. Subsequently, said funds were transferred to Clerk of Hamilton County Court, pursuant to fraudulent (and fraudulently filed) garnishment entry.

22. The funds are retained by Hamilton County Clerk of the Court as of the date hereof, despite Ohio's Court subsequent decision holding that the garnishment entry was entered prematurely (the Court, however, did not address issues associated with judgment domestication and the fact that the garnishment entry was enforced against wrong party, therefore the current action is commenced).

23. These unlawful, egregious and fraudulent acts financially immobilized JNE.

24. Specifically, it prevented JNE from paying its counterparties on time, exposing JNE to financial penalties for late payments.

25. Also, JNE was unable to utilize its frozen operational account to pay its employees over the period of time its banks account(s) were frozen. Employees had to be laid off as a result.

26. JNE also suffered reputational damages with its clients; its business relations with its creditors deteriorated which caused a negative effect on JNE's credit score/rating and, hence, rising interest rates.

5

NYSCEF DOC. NO. 1

Case 1:21-cv-00836-MKB-CLP Document 1-31 Filed 02/12/21 Page 13 of 26 PageID #: 108

RECEIVED NYSCEF: 12/23/2020

27. Importantly, JNE incurred damages in the form of legal fees.

28. All said damages/risks were incurred by JNE as a result of intentional, malicious, fraudulent and completely unjustified actions of Huber and Kakel and their attorney. Huber and Kakel knew that JNE is an unrelated party and yet they submitted to Chase a JNE informational printout from NYS Department of State requesting to freeze all accounts; Chase subsequently proceeded with the freeze (hold). The affirmative action of submitting an unrelated party information for the purpose of garnishment is ill willed and intentionally malicious.

29. JNE consistently and systematically notified Huber and Kakel, their attorneys and Chase of the fact that a hold was enforced (placed) against improper (wrong) party, to no avail.

30. Subsequently, the funds were transferred to the Clerk of Hamilton County Court.

31. As of today, the funds are still withheld by Clerk of Hamilton County Court, despite Ohio's Court decision stating that the garnishment was premature, improper and, therefore, should be terminated.

32. On a separate note, as indicated in Washington's Department of State database, Huber's license was suspended on 11/06/2017.

33. Therefore, Huber operated for more than two years without proper licensing, during which, upon information and belief, it allegedly performed the disputed activities.

34. As for Kakel, upon information and belief, it does not maintain proper business registration.

35. All those facts, taken together, are indicative of pattern of systematic misconduct on part of Huber and Kakel.

36. Eventually, it culminated in Defendants' egregious attempts to improperly file a Garnishment Entry against plaintiff, which was never a party to a lawsuit and/or never dealt with defendants.

6

Case 1:21-cv-00636-MKB-CLP Document 1-31 Filed 02/03/21 Page 14 of 26 PageID #: 109

37.　Said garnishment holds severely, maliciously and unjustifiably restricted plaintiff in conducting its business operations. As a result, plaintiff incurred substantial damages.

## AS AND FOR FIRST CAUSE OF ACTION

### (Prima Facie Tort)

38.　Plaintiff repeats and realleges each and every allegations set forth in paragraph "1" through "37" with the same force and legal effect as if more fully set forth herein.

39.　Defendants intentionally engaged in the conduct alleged above.

40.　Defendants intended its conduct to cause harm to plaintiff without justification or excuse, in an attempt to disrupt plaintiff's business, thus pressuring plaintiff into settling their unsubstantiated claim.

41.　Defendants' conduct resulted in special damages being suffered by plaintiff.

42.　Defendants are liable for committing prima facie torts against plaintiff.

43.　As a result of Huber and Kakel intentional, unlawful and malicious actions, plaintiff incurred damages in the amount to be determined at trial, but not less than the sum of $37,284.41 along with treble damages, i.e. $149,137.64, and legal fees determined by the Court.

## AS AND FOR SECOND CAUSE OF ACTION

### (Conversion)

44.　Plaintiff repeats and realleges each and every allegations set forth in paragraph "1" through "43" with the same force and legal effect as if more fully set forth herein.

45.　On June 4, 2020 attorneys for Huber and Kakel issued a Garnishment Entry upon non-final decision rendered by the Court; subsequently said defendants in rather malicious and fraudulent manner proceeded with enforcing premature Garnishment Entry by prematurely providing Garnishment Entry form to Chase along with, accompanying fradulent paperwork which contained JNE name on it. Said paperwork had no relation to

7

Case 1:21-cv-00630-MKB-CLP Document 1-31 Filed 02/03/21 Page 9 of 26 PageID #: 150

any court proceedings because JNE was never a party to any litigation involving Huber and Kakel prior to the current action.

46. As a result shortly after execution of Garnishment Entry, Chase froze plaintiff's bank accounts.

47. Plaintiff was the rightful owner of the monies entrusted in Chase's custody and care.

48. Huber and Kakel have refused to unfreeze Plaintiff's funds, despite Plaintiff's numerous notifications as to improper and fraudulent nature of defendant's actions.

49. Instead, Huber and Kakel, along with its attorneys wrongfully and intentionally deprived plaintiff of its property.

50. Plaintiff in no manner consented to Huber and Kakel misappropriation of their funds.

51. Plaintiff has been damaged by all defendants in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages. i.e. $149,137.64, and legal fees determined by the Court.

### AS AND FOR THIRD CAUSE OF ACTION

(Fraud/Fraudulent inducement)

54. Plaintiff repeats and realleges each and every allegations set forth in paragraph "1" through "54" with the same force and legal effect as if more fully set forth herein.

55. Huber and Kakel, and its attorneys, knowingly and fraudulently misrepresented material facts as to JNE alleged involvement into a Court's decision as a defendant, when, in fact, it was utterly untrue.

56. Based on said fraudulent misrepresentation of material facts, JNE's bank accounts were put on hold by Chase, the funds were then transferred to the Clerk of the Court. The funds have not been returned to plaintiff as of the date hereof.

57. As a result, JNE has incurred and continues to incur substantial damages, as of the date hereof.

8

58. Plaintiff has been damaged by all defendants in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees to be determined by the Court.

## AS AND FOR FOURTH CAUSE OF ACTION

(Abuse of Process)

59. Plaintiff repeats and realleges each and every allegations set forth in paragraph "1" through "58" with the same force and legal effect as if more fully set forth herein.

60. By the conduct described above Huber and Kakel, and its attorneys wrongfully employed regularly issued process against plaintiff, by maliciously providing fraudulent garnishment entry, signed by Huber and Kakel attorney, in his capacity as an officer of the court.

61. The process constituting the garnishment execution is a component element of the judicial proceeding.

62. The garnishment execution, subject to the current action, has unlawfully interfered with plaintiff's property.

63. It is conclusive to note that in any legal proceedings whatsoever, predating the garnishment execution, that involved Huber and Kakel the plaintiff was not a party or named therein as such.

64. Huber and Kakel, and their attorneys ulterior motive was to deprive plaintiff of its property and/or coerce (through fear of continued account hold) another entity, JNY and/or CTA to pay the amounts, claimed by Huber and Kakel.

65. Huber and Kakel, and their attorneys maliciously and deliberately misused the civil judicial process to enforce garnishment entry against unrelated/improper party, i.e. JNE.

66. Huber and Kakel, and their attorneys requested plaintiff's bank account to be held without any legal basis.

9

67. Plaintiff was harmed and is still being harmed and Huber and Kakel, and their attorneys conduct was substantial factor causing plaintiff's harm.

68. The aforementioned actions constitute abuse of process by Huber and Kakel, and its attorneys against plaintiff.

69. As a result of Huber and Kakel intentional, unlawful and malicious actions, plaintiff incurred damages in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the Court.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** plaintiff demands judgment:

(a) On the first cause of action against all defendant for prima facie tort, awarding damages to plaintiff, in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the Court; and/or

(b) On the second cause of action against all defendants for conversion, awarding damages to plaintiff, in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the Court; and/or

(c) On the third cause of action against all defendant for fraud/fraudulent inducement, awarding damages to plaintiff, in the amount to be determined at trial, but not less than the sum of $37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the Court; and/or

(d) On the fourth cause of action against all defendant for abuse of process, awarding damages to plaintiff, in the amount to be determined at trial, but not less than the sum of

10

$37,284.41, along with treble damages, i.e. $149,137.64, and legal fees determined by the

Court; and/or

Dated: Manhasset, New York
December 23 , 2020

By: *Diana Rubin*

**THE LAW OFFICE OF DIANA RUBIN**
*Diana Rubin Esq.*
Attorney for Plaintiff
*Jerusalem NY Enterprises LLC*
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
Tel (212) 603-9334
Fax (516) 272-4171

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————————————X          Index No.:

JERUSALEM NY ENTERPRISES LLC

        Plaintiff,

  -against-

HUBER ERECTORS & HOISTING, LLC, and
KAKEL MAINTENANCE & CONSTRUCTION, and
RICHARD T. LAUER, ESQ., and
LAUERLAW, LLC.

        Defendants.

———————————————————————————X

---

## SUMMONS AND COMPLAINT

---

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State. Certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (1) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fees earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: __12/23/2020_____          Signature____*Diana Rubin*_____

                             Print Signer's Name____**Diana Rubin**_____

---

### THE LAW OFFICE OF DIANA RUBIN
*Diana Rubin Esq.*
*Attorney for Plaintiff*
JERUSALEM NY ENTERPRISES LLC
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
Tel (212) 603-9334
Fax (516) 272-4171

12

# EXHIBIT "B"

FILED: KINGS COUNTY CLERK 01/18/2021 03:18 PM
NYSCEF DOC. NO. 2

Case 1:21-cv-00376-MKB-CLP   Document 1-2   Filed 02/08/21   Page 21 of 26 PageID #: 116
Case 1:21-cv-00376-MKB-CLP   Document 1-2   Filed 01/22/21   Page 2 of 5 PageID #: 21

INDEX NO. 523167/2020
RECEIVED NYSCEF: 01/18/2021

## AFFIDAVIT OF PROOF OF SERVICE

STATE OF OHIO

HAMILTON COUNTY

I Deputy Junker, Stephen M, being first duly sworn, deposes and says I received this writ on 12/28/2020 and on 12/29/2020 at 11:00:00 AM I served the within named Defendant RICHARD LAUER ESQ by delivering and leaving a true copy of the Summons and Complaint, personally with  RICHARD LAUER at 335 WEST FOURTH ST, Hamilton County, Ohio

At the same time of service I was duly authorized and acting Deputy Sheriff of Hamilton County, Ohio and over twenty-one years of age and not a party to this action

JIM NEIL, SHERIFF
HAMILTON COUNTY, OHIO

Junker, Stephen M
Deputy Sheriff
Hamilton County, Ohio

Sworn to and subscribed in my presence this day Wednesday, Dec 30 2020

Notary Public, State of Ohio

BRIANNA BERNIUS
Notary Public, State of Ohio
My Commission Expires
April 6, 2024

FILED: KINGS COUNTY CLERK 01/18/2021 03:18 PM
NYSCEF DOC. NO. 2

Case 1:21-cv-00376-MKB-CLP Document 3-2 Filed 02/08/21 Page 22 of 26 PageID #: 137
INDEX NO. 525117/2020
RECEIVED NYSCEF: 01/18/2021

Case 1:21-cv-00376-MKB-CLP Document 1-2 Filed 01/22/21 Page 3 of 5 PageID #: 22

# Out of State Service
# Hamilton County Sheriff's Department



## Wednesday, December 30, 2020

| CASE# | | Received On | Type of Paper | Return Date |
|---|---|---|---|---|
| N/A | | 12/28/2020 | Summons and Complaint | 1/18/2021 |

**Service On**
RICHARD LAUER ESQ

**Address**
335 WEST FOURTH ST

| Received Fro | | State | Case Caption | |
|---|---|---|---|---|
| KINGS | | NEW YORK | JERUSALEM NY ENTERPRISES LLC VS HUBER ERECTORS & HOISTING LLC | |

| Date Serv | Time | Deputy | Type of Service | Person Served |
|---|---|---|---|---|
| 12/29/2020 | 11:00 | Junker, Stephen M | Personal | RICHARD LAUER |

| Sheriff Fees | Mileage: | Total: | Date Paid | Check No. | Date Returned |
|---|---|---|---|---|---|
| $10.00 | $5.00 | $15.00 | | | 12/30/2020 |

**Officer's Remarks**

Case 1:21-cv-00376-MKB-CLP    Document 7-3    Filed 02/03/21    Page 23 of 26 PageID #: 118

FILED: KINGS COUNTY CLERK 01/18/2021 03:18 PM
NYSCEF DOC. NO. 3

Case 1:21-cv-00376-MKB-CLP    Document 1-2    Filed 01/22/21    Page 4 of 5 PageID #: 23

INDEX NO. 523787/2020
RECEIVED NYSCEF: 01/18/2021

## AFFIDAVIT OF PROOF OF SERVICE

STATE OF OHIO

HAMILTON COUNTY

I Deputy Junker, Stephen M, being first duly sworn, deposes and says I
received this writ on 12/28/2020 and on 12/29/2020 at 11:00:00 AM I
served the within named Defendant LAUERLAW LLC by delivering and
leaving a true copy of the Summons and Complaint, personally with
RICHARD LAUER at 335 WEST FOURTH ST, Hamilton County, Ohio

At the same time of service I was duly authorized and acting Deputy
Sheriff of Hamilton County, Ohio and over twenty-one years of age and
not a party to this action

JIM NEIL, SHERIFF
HAMILTON COUNTY, OHIO

Junker, Stephen M
Deputy Sheriff
Hamilton County, Ohio

Sworn to and subscribed in my presence this day Wednesday, Dec 30 2020

Notary Public, State of Ohio

BRIANNA BERNIUS
Notary Public, State of Ohio
My Commission Expires
April 6, 2024

FILED: KINGS COUNTY CLERK 01/18/2021 03:18 PM

NYSCEF DOC. NO. 3

Case 1:21-cv-00376-MKB-CLP Document 1-2 Filed 01/22/21 Page 24 of 26 PageID #: 23

Case 1:21-cv-00376-MKB-CLP Document 1-2 Filed 01/22/21 Page 5 of 5 PageID #: 24

INDEX NO. 525187/2020

RECEIVED NYSCEF: 01/18/2021

# Out of State Service
# Hamilton County Sheriff's Department

## Wednesday, December 30, 2020



| CASE# | | Received On | Type of Paper | Return Date |
|---|---|---|---|---|
| N/A | | 12/28/2020 | Summons and Complaint | 1/18/2021 |

**Service On**

LAUERLAW LLC

**Address**

335 WEST FOURTH ST

| Received Fro | | State | Case Caption | |
|---|---|---|---|---|
| KINGS | | NEW YORK | JERUSALEM NY ENTERPRISES LLC VS HUBER ERECTORS & HOISTING LLC | |

| Date Serv | Time | Deputy | Type of Service | Person Served |
|---|---|---|---|---|
| 12/29/2020 | 11:00 | Junker, Stephen M | Personal | RICHARD LAUER |

| Sheriff Fees | Mileage: | Total: | Date Paid | Check No. | Date Returned |
|---|---|---|---|---|---|
| $10.00 | $5.00 | $15.00 | | | 12/30/2020 |

**Officer's Remarks**

JS 44 (Rev. 10/20)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

JERUSALEM NY ENTERPRISES LLC

### DEFENDANTS

Huber Erectors & Hoisting, LLC, Kakel Maintenance & Construction, Richard T. Lauer, Esq., LauerLaw, LLC

**(b)** County of Residence of First Listed Plaintiff   Kings County, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hamilton County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Office of Diana Rubin, 1129 Northern Blvd., Suite 404, Manhasset, NY 11030, (212) 603-9334

Attorneys *(If Known)*
Kaufman Borgeest & Ryan, LLP,  200 Summit Lake Drive, Valhalla, NY 10595,  (914) 449-1000

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product   Product Liability | |   28 USC 157 |   3729(a)) |
| [ ] 140 Negotiable Instrument |   Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &   Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
|   & Enforcement of Judgment |   Slander   Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'   Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |   Liability / [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
|   Student Loans | [ ] 340 Marine   Injury Product | |   New Drug Application | [ ] 470 Racketeer Influenced and |
|   (Excludes Veterans) | [ ] 345 Marine Product   Liability | | [ ] 840 Trademark |   Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |   Liability | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
|   of Veteran's Benefits | [ ] 350 Motor Vehicle **PERSONAL PROPERTY** | [ ] 710 Fair Labor Standards |   Act of 2016 |   (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle / [x] 370 Other Fraud |   Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |   Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management | **SOCIAL SECURITY** |   Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal / [ ] 380 Other Personal |   Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |   Injury   Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - / [ ] 385 Property Damage | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) |   Exchange |
| |   Medical Malpractice   Product Liability |   Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |   Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff |   Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/   Sentence | |   or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |   Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - / [ ] 535 Death Penalty | |   26 USC 7609 |   Act/Review or Appeal of |
| |   Employment **Other:** | **IMMIGRATION** | |   Agency Decision |
| | [ ] 446 Amer. w/Disabilities - / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| |   Other / [ ] 550 Civil Rights | [ ] 465 Other Immigration | |   State Statutes |
| | [ ] 448 Education / [ ] 555 Prison Condition |   Actions | | |
| | [ ] 560 Civil Detainee - | | | |
| |   Conditions of | | | |
| |   Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause:
Prima facie tort, conversion, fraud and abuse of process, arising from entry and enforcement of a garnishment in an action pending in Ohio.

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
January 22, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, David Bloom, Esq. , counsel for def. Richard T. Lauer, Esq. and Lauer, hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

N/A

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?  ☐ Yes  ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?  ☐ Yes  ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?  ☐ Yes  ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes  ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain)     ☑ No

I certify the accuracy of all information provided above.

Signature: