UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

JERUSALEM NY ENTERPRISES LLC,

                    Plaintiff,

       v.

HUBER ERECTORS & HOISTING, LLC, and
KAKEL MAINTENANCE AND
CONSTRUCTION,

                 Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
21-CV-376 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Jerusalem NY Enterprises LLC commenced the above-captioned action on December 23, 2020, in the New York Supreme Court, Kings County, against Defendants Huber Erectors & Hoisting, LLC ("Huber"), Kakel Maintenance and Construction ("Kakel"), Richard T. Lauer, Esq., and LauerLaw, LLC, seeking to recover damages for alleged prima facie tort, conversion, fraud, and abuse of process arising from the garnishment of a bank account owned by Plaintiff.  (Notice of Removal ¶ 1, Docket Entry No. 1; Summons and Verified Compl. ("Compl.") ¶¶ 16–20, annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.)  On January 22, 2021, Defendants Richard T. Lauer, Esq., and LauerLaw, LLC (the "Lauer Defendants"), removed the action to this Court on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  (Notice of Removal ¶¶ 5–11.)  On October 9, 2021, the Court dismissed the Complaint against the Lauer Defendants for lack of personal jurisdiction.  (Mem. and Order, Docket Entry No. 24.)

      Huber and Kakel now move to dismiss this action for lack of personal jurisdiction, improper venue, and failure to state a claim pursuant to Rules 12(b)(2), (b)(3), and (b)(6) of the

Federal Rules of Civil Procedure, respectively, and Plaintiff opposes the motion.[1]  For the

reasons set forth below, the Court grants Defendants' motion and dismisses the Complaint

against them for lack of personal jurisdiction.

## I.    Background

The Court assumes the truth of the factual allegations in the Complaint for the purposes

of this Memorandum and Order.[2]

### a.    The parties

Plaintiff is a domestic limited liability company that is "registered and conducts business

in . . . New York."  (Compl. ¶¶ 1, 9.)  Plaintiff is "managed and operated by an individual named

Ezra Unger," (*id.* ¶ 9), who is "Plaintiff's sole member and is a citizen of New York," (Notice of

Removal ¶ 6).  Unger concurrently manages another legal entity called JNY Capital ("JNY").

(*Id.* ¶ 10.)  Both Plaintiff and JNY are "New York based legal entities" with operational bank

accounts "registered in . . . New York."  (*Id.* ¶ 18.)  Plaintiff alleges "upon information and

belief" that Huber is "a legal entity that is registered in . . . Washington and conducts business

---

[1]  (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 18; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 19; Defs.' Reply Mem. in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 23; Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), Docket Entry No. 22.)

[2]  *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) ("[A] Rule 12(b)(2) motion . . . assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency." (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990))); *see also Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 194 (E.D.N.Y. 2018) ("Where . . . personal jurisdiction is challenged by way of a motion pursuant to [Rule 12(b)(2)], the [c]ourt must 'assume[] the truth of the plaintiff's factual allegations.'" (third alteration in original) (quoting *Dorchester Fin. Sec., Inc.*, 722 F.3d at 85)).

in . . . Ohio," (*id.* ¶ 2), and that Kakel is "a fictitious entity that lacks proper business registration and is not incorporated" but conducts business in Ohio,[3] (*id.* ¶ 3).

###### b.   The Ohio action

This matter arises out of an action in Ohio (the "Ohio action")[4] brought by the City of Cincinnati in the Court of Common Pleas, Hamilton County, Ohio (the "Ohio Court") against nonparties JNY and Cincinnati Terrace Associates LLC ("CTA") as well as Huber and Kakel. (*Id.* ¶¶ 10–11.)  "On October 17, 2019, Huber and Kakel filed a motion for summary judgment in [the] Ohio action, in which they contended that they 'and JNY entered into a written contract pursuant to which Huber agreed to perform certain work.'" (*Id.* ¶ 13.)  The Ohio Court granted summary judgment "in favor of Huber and Kakel and against JNY and CTA on their cross-claim, unopposed." (*Id.* ¶ 15 (emphasis omitted).)  The summary judgment "was non-final" and thus could be neither appealed nor "enforced by means of garnishment proceedings" at that point. (*Id.*)

###### c.   The alleged fraudulent garnishment entry

Although Plaintiff was never a defendant in the Ohio action and had "no relations" with Huber and Kakel through "litigation proceedings, business interactions or otherwise," Huber and Kakel and their attorneys — the Lauer Defendants — prematurely filed a garnishment entry against Plaintiff "in an attempt to collect funds under the non-final judgment." (*Id.* ¶¶ 14, 16–18.)  Defendants were required "to go through judgment domestication procedures" in order to

---

[3]  Huber and Kakel maintain that they are limited liability companies "duly organized and existing under the laws of . . . Ohio," that their principal place of business is Ohio, that they have "no other office locations anywhere," and that their members all reside in Ohio.  (Decl. of Robert J. Huber, Jr. ("Huber Decl.") ¶¶ 2–3, Docket Entry No. 21.)

[4]  *See City of Cincinnati v. Cincinnati Terrace Assocs., LLC*, No. A1901286 (Hamilton Cnty. Ct. Com. Pl. 2020).

execute a garnishment entry in New York on the basis of a decision rendered in Ohio, but "Huber and Kakel . . . curtailed that process and submitted their [g]arnishment [e]ntry directly to Chase Bank ('Chase') to freeze [Plaintiff's] New York bank account . . . funds." (*Id.* ¶¶ 18–19.) In addition, even though Huber and Kakel knew that Plaintiff was an unrelated party, they submitted to Chase an "informational printout" on Plaintiff from the New York State Department of State in support of their request that Chase "freeze all accounts." (*Id.* ¶ 28.) As a result, on August 6, 2020, Chase placed holds on Plaintiff's bank accounts "in the amount[s] of $862.03 and $36,422.38." (*Id.* ¶ 19.) Plaintiff "consistently and systematically" notified Huber and Kakel, their attorneys, and Chase of the fact that Chase had placed a hold against an improper party. (*Id.* ¶ 29.) Nevertheless, Plaintiff's funds were transferred to the Clerk of the Ohio Court pursuant to the fraudulent garnishment entry. (*Id.* ¶¶ 21, 30.) Subsequently, the Ohio Court "terminated the [g]arnishment [e]ntry on the grounds that the summary judgment was non-final." (*See id.* ¶¶ 16, 21.) Despite the Ohio Court's decision holding that "the garnishment entry was entered prematurely," the Clerk of the Ohio Court still retains Plaintiff's funds. (*Id.* ¶¶ 22, 31.)

### d. Alleged systemic misconduct by Huber and Kakel

Plaintiff alleges "upon information and belief" that, at all relevant times, Huber "operated . . . without proper licensing" because "Huber's license was suspended on November 6, 2017," as indicated in Washington's Department of State database, and that Kakel "does not maintain proper business registration." (*Id.* ¶¶ 32–34.) Plaintiff alleges that taken together, these facts "are indicative of [a] pattern of systemic misconduct" that "culminated in Defendants' egregious attempts to improperly file a [g]arnishment [e]ntry against Plaintiff." (*Id.* ¶¶ 35–36.)

e.    **Relief sought**

Plaintiff contends that Defendants' actions "financially immobilized" Plaintiff by preventing Plaintiff "from paying its counterparties on time, [thereby] exposing Plaintiff to financial penalties for late payments." (*Id.* ¶¶ 23–24.) In addition, because Plaintiff "was unable to utilize its frozen operational account to pay its employees," its "[e]mployees had to be laid off." (*Id.* ¶ 25.) Plaintiff also suffered reputational damages with its clients; negative effects to its credit score, credit rating, and interest rates due to deteriorating business relations with its creditors; and the incursion of legal fees. (*Id.* ¶¶ 26–27.) Plaintiff seeks "$37,284.41, along with treble damages, i.e.[,] $149,137.64, and legal fees" for prima facie tort, conversion, fraud, and abuse of process. (*Id.* at 10–11.)

## II.    **Discussion**

### a.    **Standard of review**

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)). The showing a plaintiff must make to meet that burden is governed by a "sliding scale," which "varies depending on the procedural posture of the litigation." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). If a defendant challenges personal jurisdiction by filing a Rule 12(b)(2) motion, "the plaintiff need only make a *prima facie* showing that the court possesses personal jurisdiction over the defendant." *JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.*, 828 F. App'x

740, 742 (2d Cir. 2020) (quoting *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)); *see also Holmes v. Apple*, 797 F. App'x 557, 559 (2d Cir. 2019) ("A plaintiff has the burden of establishing personal jurisdiction over an entity against which it seeks to bring suit, and to survive a motion to dismiss for lack of such jurisdiction, 'a plaintiff must make a *prima facie* showing that jurisdiction exists.'" (quoting *Penguin Grp. (USA) Inc.*, 609 F.3d at 34–35)); *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 167–68 (2d Cir. 2015) (same). Prior to discovery, a plaintiff need only plead "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Holmes*, 797 F. App'x at 559 (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *see also Dix v. Peters*, 802 F. App'x 25, 27 (2d Cir. 2020) ("Where the district court grants a Rule 12(b)(2) motion without an evidentiary hearing, we credit the plaintiff's averment of jurisdictional facts as true." (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996))); *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) ("A *prima facie* case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998))). After discovery, the plaintiff's "*prima facie* showing must be factually supported." *Dorchester Fin. Sec., Inc.*, 722 F.3d at 85 (quoting *Ball*, 902 F.2d at 197). "Conclusory allegations based only on information and belief are not sufficient" to provide such factual support. *McGlone v. Thermotex, Inc.*, 740 F. Supp. 2d 381, 383 (E.D.N.Y. 2010) (citing *Jazini*, 148 F.3d at 183–84).

In resolving a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), a district court may consider materials outside the pleadings. *Dorchester Fin. Sec.*, 722 F.3d at 86 (citing *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010));

*see also UTC Fire & Sec. Ams. Corp., Inc. v. NCS Power, Inc.*, 844 F. Supp. 2d 366, 370

(S.D.N.Y. 2012) ("In deciding a motion to dismiss for lack of personal jurisdiction, the court has

discretion to proceed either upon written submissions or through a full evidentiary hearing on the

merits . . . ." (quoting *Taylor Devices, Inc. v. Walbridge Aldinger Co.*, 538 F. Supp. 2d 560, 575

(W.D.N.Y. 2008))); *see also O'Neill v. Asat Tr. Reg. (In re Terrorist Attacks on September 11,*

*2001)*, 714 F.3d 659, 676 (2d Cir. 2013) (noting that jurisdictional discovery had taken place and

requiring evidentiary support for jurisdictional allegations); *McGlone*, 740 F. Supp. 2d at 384

(looking to record developed once jurisdictional discovery as to [defendant] was complete to

decide a motion to dismiss).  In addition, the court must "construe the pleadings and any

supporting materials in the light most favorable to the plaintiffs."  *Licci ex rel. Licci v. Lebanese*

*Can. Bank, SAL* (*Licci IV*), 732 F.3d 161, 167 (2d Cir. 2013) (citing *Chloé*, 616 F.3d at 163); *see*

*also Grundstein v. Eide*, 598 F. App'x 45, 46 (2d Cir. 2015) (citing *DiStefano v. Carozzi N. Am.,*

*Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam)).  However, the court need not "accept as true a

legal conclusion couched as a factual allegation."  *In re Terrorist Attacks on Sept. 11, 2001*, 714

F.3d at 673 (quoting *Jazini*, 148 F.3d at 185).

### b.   The Court lacks personal jurisdiction over Huber and Kakel

Defendants argue that the Court must dismiss the action for lack of personal jurisdiction

because Plaintiff "relies solely" on New York Civil Practice Law and Rules ("N.Y. C.P.L.R.")

§ 302(a)(3)(ii) but cannot establish jurisdiction under this subsection.  (Defs.' Reply 1.)  In

support, Defendants argue that (1) Plaintiff did not suffer a direct injury in New York because

the only damages Plaintiff claims are financial losses and the events underlying the Complaint all

took place in Ohio, (*id.* at 2–3; Defs.' Mem. 13; Huber Decl. ¶ 6), (2) Defendants did not

"reasonably expect[] that the proceedings in the Ohio [a]ction would have 'consequences' in

New York" because they "have done nothing to purposefully avail themselves of the benefits of

7

the laws of New York," (Defs.' Mem. 13–14; Defs.' Reply 4; Huber Decl. ¶ 8), (3) Defendants

do not "derive substantial revenue from interstate or international commerce," (Defs.' Mem. 14

(citing Huber Decl. ¶ 7); Defs.' Reply 4), and (4) it would be burdensome to Defendants to be

forced to defend this lawsuit in New York, (Huber Decl. ¶ 9).

       Plaintiff argues that it has established specific jurisdiction under N.Y. C.P.L.R.

§ 302(a)(3)(ii) because (1) Plaintiff suffered a direct injury from the freezing of its New York

bank accounts, "which, in turn, triggered [Plaintiff's] financial economic injury," (Pl.'s Opp'n 3),

(2) Defendants "knew or should have known that they were dealing with [a] New York[-]based

corporation" because Unger "related [this fact] to [them] on numerous occasions," this fact "can

be easily deduced" from Plaintiff's name, and "the information about [Plaintiff's]

geographical/jurisdictional affiliation . . . with [New York] is public and is readily accessible

online," (*id.*), (3) Defendants derive "substantial revenue from interstate or international

commerce" because they admit that Huber has "provided services to clients in Florida, Illinois,

Washington, and Washington, D.C.," and that Kakel has had clients in "Kentucky and Indiana,"

(*id.* at 4), and (4) Defendants can fairly be expected to defend lawsuits in this forum due to the

"conveniences of modern communication and transportation," (*id.*).

       "There are two types of personal jurisdiction: specific and general."  *Sonera Holding B.V.*

*v. Çukurova Holding A.Ş.*, 750 F.3d 221, 225 (2d Cir. 2014).  General jurisdiction permits a court

to exercise personal jurisdiction over a defendant regardless of whether the underlying claim has

a connection to the forum.  *Id.* ("A court with general jurisdiction over a corporation may

adjudicate *all* claims against that corporation — even those entirely unrelated to the defendant's

contacts with the state.").  Specific jurisdiction requires a connection between the forum

exercising jurisdiction over the defendant and the underlying controversy that gave rise to the

claim. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) ("Specific

jurisdiction . . . depends on an affiliation between the forum and the underlying controversy,

principally, activity or an occurrence that takes place in the forum state and is therefore subject

to the State's regulation." (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.

915, 919 (2011))).  Under New York law, courts exercise specific jurisdiction pursuant to section

302 of the N.Y. C.P.L.R. and general jurisdiction pursuant to section 301 of the N.Y. C.P.L.R.

Under N.Y. C.P.L.R. § 302(a), there are four bases for extending specific personal

jurisdiction over a non-domiciliary defendant.  *Bah v. Apple Inc.*, No. 19-CV-3539, 2020 WL

614932, at *4 (S.D.N.Y. Feb. 10, 2020); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239,

244 (2d Cir. 2007) (describing bases for jurisdiction under the New York long-arm statute).

Section 302(a)(3) permits courts to exercise specific jurisdiction over a domiciliary corporation

that commits a tortious act outside of New York that causes harm to someone in the state if either

of two conditions are present.[5]  *See Timothy Coffey Nursery Landscape Inc. v. Soave*, 760 F.

App'x 58, 61 (2d Cir. 2019) (quoting *Troma Ent., Inc.*, 729 F.3d at 218); *Thackurdeen v. Duke

Univ.*, 660 F. App'x 43, 46 (2d Cir. 2016) (same).  A court may exercise personal jurisdiction

over a corporation pursuant to subsection 302(a)(3) if the entity:

> (i) regularly does or solicits business, or engages in any other
> persistent course of conduct, or derives substantial revenue from
> goods used or consumed or services rendered, in the state, or
> (ii) expects or should reasonably expect the act to have
> consequences in the state and derives substantial revenue from
> interstate or international commerce.

---

[5]  Although Defendants also argue that the Court lacks general jurisdiction over them pursuant to N.Y. C.P.L.R. § 301 and specific jurisdiction pursuant to the other subsections of N.Y. C.P.L.R. § 302(a), (*see* Defs.' Mem. 7–8, 10–11, 14), Plaintiff has not responded to these arguments and instead relies solely on section 302(a)(3)(ii) as the basis for jurisdiction, (*see* Pl.'s Opp'n 1–4).  Accordingly, the Court does not consider these additional arguments.

*Holmes*, 797 F. App'x at 560 (quoting N.Y. C.P.L.R. § 302(a)(3)(i)–(ii)); *Thackurdeen*, 660 F.

App'x at 46 (same); *Troma Ent., Inc.*, 729 F.3d at 218 (same); *Penguin Grp. (USA) Inc.*, 609

F.3d at 35–36 (discussing N.Y. C.P.L.R. § 302(a)(3)(ii)); *Sole Resort, S.A. de C.V. v. Allure*

*Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (same).  In addition, even if a plaintiff can

establish jurisdiction under New York law, the court must also determine whether the "exercise

of personal jurisdiction over a foreign defendant comports with the due process protections

established under the United States Constitution." *Licci IV*, 732 F.3d at 168 (first citing *Best Van*

*Lines, Inc.*, 490 F.3d at 242; and then citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945)).

In order to successfully assert jurisdiction under section 302(a)(3)(ii), a plaintiff must

establish that:

> (1) the defendant's tortious act was committed outside New York,
> (2) the cause of action arose from that act, (3) the tortious act caused
> an injury to a person or property in New York, (4) the defendant
> expected or should reasonably have expected that his or her action
> would have consequences in New York, and (5) the defendant
> derives substantial revenue from interstate or international
> commerce.

*Penguin Grp. (USA) Inc.*, 609 F.3d at 35.  In determining the third element, where the injury was

caused, courts apply a "situs-of-injury test," which requires the court "to locate the original event

which caused the injury.'" *Thackurdeen*, 660 F. App'x at 46–47 (quoting *Whitaker v. Am.*

*Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001)); *see also Timothy Coffey Nursery Landscape*

*Inc.*, 760 F. App'x at 61 (same); *United Mobile Techs., LLC v. Pegaso PCS, S.A. de C.V.*, 509 F.

App'x 48, 50 (2d Cir. 2013) (same).  The situs of the injury for the purpose of section

302(a)(3)(ii) "is the location of the original event which caused the injury, not the location where

the resultant damages are felt by the plaintiff." *Timothy Coffey Nursery Landscape Inc.*, 760 F.

App'x at 61 (quoting *Whitaker*, 261 F.3d at 209).  Moreover, "[i]t is well-settled that 'residence

or domicile of the injured party within [New York] is not a sufficient predicate for jurisdiction' under section 302(a)(3)." *Troma Ent., Inc.*, 729 F.3d at 218 (alteration in original) (quoting *Fantis Foods, Inc. v. Standard Importing Co.*, 425 N.Y.S.2d 783 (1980)).  "Honoring this principle, [courts] have rejected as insufficient to support the exercise of jurisdiction over a defendant allegations of 'remote or consequential injuries such as lost commercial profits which occur in New York only because the plaintiff is domiciled or doing business here.'"  *Id.* (first quoting *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir. 1975); and then citing *Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428, 433 (2d Cir. 1971)). "Therefore, '[t]he occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York.'"  *Timothy Coffey Nursery Landscape Inc.*, 760 F. App'x at 61 (alteration in original) (first quoting *Whitaker*, 261 F.3d at 209; and then citing *Troma Ent., Inc.*, 729 F.3d at 218); *Campbell v. Azrak*, No. 18-CV-3051, 2020 WL 4001894, at *3 (S.D.N.Y. July 15, 2020) (same); *Deutsche Bank AG v. Vik*, 81 N.Y.S.3d 18, 20 (App. Div. 2018) ("That [a] plaintiff felt economic injury in New York, alone, is an insufficient basis to confer jurisdiction.").

Plaintiff fails to state a prima facie case for personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a)(3)(ii) because Plaintiff has not shown that it suffered an injury in New York.  Plaintiff alleges that the tortious conduct in this case was Defendants' premature filing of a garnishment entry against Plaintiff "in an attempt to collect funds under [a] non-final judgment" in the Ohio action.  (Compl. ¶¶ 14, 16–18.)  As Defendants argue, all of the events underlying the Complaint occurred in Ohio: on March 12, 2020, the Ohio court granted summary judgment in favor of Huber and Kakel without opposition; on June 26, 2020, Lauer served a

subpoena duces tecum upon the Chase Bank, N.A., records custodian located in Ohio; and, on

July 29, 2020, following receipt of Chase's responsive records revealing that Plaintiff was the

depositor on the subject account, the Ohio court entered a garnishment order that listed the Ohio

bank as the garnishee.  (Huber Decl. ¶ 6; Decl. of Richard T. Lauer, Esq. ("Lauer Decl.") ¶ 6,

annexed to Lauer Defs.' Mot., Docket Entry No. 11-2); *see also* Huber Decl. ¶ 5 (incorporating

Lauer Declaration by reference).)  Subsequently, Chase froze Plaintiff's New York bank

accounts.  (Compl. ¶¶ 18–19.)  However, because all of the underlying events that caused the

seizure of Plaintiff's funds in New York took place in Ohio, Ohio is the situs of Plaintiff's injury

— not New York, where Plaintiff suffered financial consequences of those events due to the

location of its accounts in New York.  In addition, Plaintiff's residence in New York is

insufficient to confer jurisdiction.  *See Troma Ent., Inc.*, 729 F.3d at 218.  Thus, Plaintiff fails to

satisfy the third element of section 302(a)(3)(ii) and therefore fails to assert personal jurisdiction

over Defendants.[6]  *Whitaker*, 261 F.3d at 209 ("The occurrence of financial consequences in

New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for

---

[6]  Plaintiff argues that it sustained a direct injury in New York because the "first effect" of the tort was the freezing of Plaintiff's New York bank accounts.  However, in support, Plaintiff cites cases in which courts either found specific jurisdiction over an out-of-state defendant whose tortious acts caused *physical* injury in New York or found no jurisdiction over the defendant because the injury occurred outside of New York and the plaintiff merely suffered financial harm in New York.  (Pl.'s Opp'n 2 ("[W]here defective baby formula was manufactured out of state, but ingested in New York, [the] place of injury was New York not the place of manufacture." (quoting *Simon v. Philip Morris, Inc.*, 86 F. Supp. 2d 95, 124 (E.D.N.Y. 2000))); *id.* at 2–3 (first citing *United Bank of Kuwait, PLC v. James M. Bridges, Ltd.*, 766 F. Supp. 113, 116 (S.D.N.Y. 1991) (finding no jurisdiction over out-of-state bank where negligent preparation and certification of financial statements occurred in Virginia and the plaintiff suffered financial harm in New York); then citing *Levans v. Delta Airlines, Inc.*, 988 F. Supp. 2d 330, 337 (E.D.N.Y. 2013) (finding no jurisdiction over Guyanese airport where the placement of drugs in the plaintiff's suitcase in Guyana caused him to lose his job and suffer financial harm in New York); and then citing *Penny v. United Fruit Co.*, 869 F. Supp. 122, 129 (E.D.N.Y. 1994) (holding that "as a general matter, [to find jurisdiction], defendants need not have been able to foresee the identity of the plaintiff")).)

jurisdiction under § 302(a)(3) where the underlying events took place outside New York."
(quoting *United Bank of Kuwait, PLC v. James M. Bridges, Ltd.*, 766 F. Supp. 113, 116
(S.D.N.Y. 1991)); *see also Penguin Grp. (USA) Inc.*, 609 F.3d at 38 ("[It is] settled New York
law that the suffering of economic damages in New York is insufficient, alone, to establish a
'direct' injury in New York for N.Y. C.P.L.R. § 302(a)(3) purposes." (collecting cases)); *Faherty
v. Fender*, 572 F. Supp. 142, 150 (S.D.N.Y. 1983) (finding that New York plaintiff suffered
injury in Texas where a default judgment was fraudulently obtained against the plaintiff in Texas
and the plaintiff sustained emotional and financial consequences in New York); *Fisher v.
O'Brien*, No. 09-CV-42, 2010 WL 1286365, at *7 (E.D.N.Y. Mar. 30, 2010) (finding that
monetary damages suffered in New York as a result of a lien placed on the plaintiff's property in
Ohio were insufficient to constitute injury); *Madison Cap. Mkts., LLC v. Starneth Eur. B.V.*, No.
15-CV-7213, 2016 WL 4484251, at *6 (S.D.N.Y. Aug. 23, 2016) (finding no jurisdiction where
merely the alleged tort's economic consequences were felt in New York); *Lipin v. Bergquist*, 574
F. Supp. 2d 423, 432 (S.D.N.Y. 2008) (finding the plaintiff's residence in New York and
"'experience' of economic and/or emotional injury in this state" insufficient to constitute injury);
*Guardino v. Am. Sav. & Loan Ass'n of Fla.*, 593 F. Supp. 691, 695–96 (E.D.N.Y. 1984) (finding
that alleged damages to the plaintiff's credit and business reputation stemming from bank's
foreclosure of his property in Florida were not injuries within New York); *Henkin v. Gib. Private
Bank & Tr. Co.*, No. 16-CV-5452, 2018 WL 557866, at *4 (E.D.N.Y. Jan. 22, 2018) (finding no
jurisdiction where Florida-based defendant with New York branch had done nothing in New
York in connection with the alleged tort, making the plaintiff's presence and the economic harm
he suffered in New York the only connection between the allegedly tortious actions and the
state); *NewMarkets Partners LLC v. Oppenheim*, 638 F. Supp. 2d 394, 403 (S.D.N.Y. 2009)

(finding that "[s]ection 302(a)(3) cannot serve as a basis for jurisdiction, even if [the plaintiffs] suffered financial harm in New York," where the events giving rise to the injury occurred outside of New York). Accordingly, Plaintiff has failed to state a prima facie case for personal jurisdiction under N.Y. C.P.L.R. § 302(a)(3)(ii).[7]

Because Plaintiff's allegations and supporting materials fail to demonstrate that the Court has specific jurisdiction over Defendants pursuant to N.Y. C.P.L.R. § 302(a)(3)(ii), the Court grants Defendants' motion and dismisses the Complaint against them for lack of personal jurisdiction.

### c. The Court denies Plaintiff's request for limited jurisdictional discovery

Plaintiff asks the Court "to permit it to conduct limited jurisdictional discovery" if the Court "find[s] some of the arguments/facts presented herein as not fully developed." (Pl.'s Opp'n 5.) In support, Plaintiff argues that "[s]uch discovery has typically been authorized where the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction." (*Id.* (quoting *Leon v. Igor Shmukler, Thinomenon, Inc.*, 992 F. Supp. 2d 179, 195 (E.D.N.Y. 2014)).) In addition, Plaintiff argues that the Court "may be obligated to order jurisdictional discovery based on a lesser showing [than a prima facie case], in particular when

---

[7] In view of the Court's finding that Plaintiff fails to establish a "direct injury" suffered in New York, the Court does not address the other prongs of section 302(a)(3)(ii). *See Bank of N.Y. Mellon v. SACE S.p.A*, No. 10-CV-2510, 2011 WL 102728, at *5 (S.D.N.Y. Jan. 6, 2011) ("[A]lthough it may be argued that Defendant should have 'reasonably foreseen consequences in New York thereby satisfying the third requirement [of section 302(a)(3)(ii),]' the '[c]ourt need not decide this issue because [the plaintiff] has failed to allege the second required element, namely an injury in New York." (quoting *Whitaker v. Fresno Telsat, Inc.*, 87 F. Supp. 2d 227, 229 (S.D.N.Y. 1999))); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999) (holding that the plaintiff must establish all five elements in order to assert jurisdiction pursuant to section 302(a)(3)(ii)); *see also Kowalski–Schmidt v. CLS Mortg., Inc.*, 981 F. Supp. 105, 110 (E.D.N.Y.1997) (finding no jurisdiction where there is no injury suffered in New York). Nor does the Court consider the parties' arguments as to Defendants' motions, in the alternative, to dismiss the Complaint for improper venue or failure to state a claim.

14

the plaintiff fails to allege legally sufficient facts to establish jurisdiction, but nonetheless asserts specific, non-conclusory facts that, if further developed, could demonstrate substantial state contacts." (*Id.* (alteration in original) (quoting *Leon*, 992 F. Supp. 2d at 195).)  Plaintiff also argues that "even where [a] plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery . . . when it concludes that the plaintiff may be able to establish personal jurisdiction if given the opportunity to develop a full factual record." (*Id.* (quoting *Sidik v. Royal Sovereign Int'l, Inc.*, No. 17-CV-7020, 2020 WL 5441306, at *23 (E.D.N.Y. Sep. 10, 2020)).)

Defendants argue that the Court should deny Plaintiff's request for jurisdictional discovery because Plaintiff "failed to make a prima facie case of personal jurisdiction" and "failed to even indicate what [it] would seek in jurisdictional discovery." (Defs.' Reply 4 (first citing *Jazini*, 148 F.3d at 185–86; and then citing *Stutts v. De Dietrich Grp.*, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006)).)  In addition, Defendants argue that "no amount of discovery will change the fact that [Plaintiff] did not sustain a direct injury in New York." (*Id.* at 5.)

"A district court has 'considerable procedural leeway' when deciding a motion to dismiss for lack of personal jurisdiction and 'may permit discovery in aid of the motion.'" *Stutts*, 465 F. Supp. 2d at 169 (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)); *see also Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436 (2d Cir. 2019) ("[T]he district court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990))).  "[The] court should take care to 'give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction.'" *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (quoting *Phoenix Consulting v. Republic of Angola*, 216

15

F.3d 36, 40 (D.C. Cir. 2000)).  The bar for granting "jurisdictional discovery" is "low,"

*Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 (2d Cir.

2014), and it is appropriately granted where a plaintiff's allegations make a "sufficient start"

toward establishing personal jurisdiction, *Uebler v. Boss Media, AB*, 363 F. Supp. 2d 499, 506

(E.D.N.Y. 2005).  However, "if the plaintiff has failed to establish a prima facie case for personal

jurisdiction, jurisdictional discovery is generally not granted."  *RSM Prod. Corp. v. Fridman*,

643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009) (first citing *Jazini*, 148 F.3d at 186; and then citing

*Langenberg v. Sofair*, No. 03-CV-8339, 2006 WL 2628348, at *6 (S.D.N.Y. Sept. 11, 2006)

(collecting cases)), *aff'd*, 387 F. App'x 72 (2d Cir. 2010); *see also Beierwaltes v. L'Office

Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 828 (2d Cir. 2021) ("A court

. . . does not abuse its discretion in denying jurisdictional discovery 'if the party seeking

discovery cannot articulate a reasonable basis for the court first to assume jurisdiction.'" (quoting

*Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206–07 (2d Cir. 2016)).  "If a

plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is

appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction."

*Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 760 (S.D.N.Y. 2004); *Tex. Int'l

Magnetics, Inc. v. Auriga-Aurex, Inc. (In re Magnetic Audiotape Antitrust Litig.)*, 334 F.3d 204,

207–08 (2d Cir. 2003) (per curiam).  "However, a court is not obligated to subject a foreign

corporation to discovery where the allegations of jurisdictional facts . . . fail to state a basis for

the exercise of jurisdiction or where a plaintiff's proposed discovery, if granted, would not

uncover facts sufficient to sustain jurisdiction," *Daventree Ltd.*, 349 F. Supp. 2d at 761 (first

citing *Jazini*, 148 F.3d at 185–86; and then citing *APWU*, 343 F.3d at 627), and "[d]iscovery

need not be granted to permit a fishing expedition for jurisdictional facts," *Greer v. Carlson*, No.

20-CV-5484, 2020 WL 6064167, at \*5 (S.D.N.Y. Oct. 14, 2020) (citing *RSM Prod. Corp.*, 643 F. Supp. 2d at 402).

      As discussed above, Plaintiff has failed to state a prima facie case for personal jurisdiction over Defendants under N.Y. C.P.L.R. 302(a)(3)(ii) because the events underlying the Complaint all took place in Ohio, making Ohio the situs of Plaintiff's injury, and Plaintiff only suffered financial consequences in New York, which is insufficient to confer jurisdiction. Therefore, because Plaintiff cannot establish that it suffered injury in New York under this section, no jurisdictional discovery would assist Plaintiff in satisfying this element. *See Yash Raj Films (USA) Inc. v. Dishant.com LLC*, No. 08-CV-2715, 2009 WL 4891764, at \*11 (E.D.N.Y. Dec. 15, 2009) ("[W]hatever speculations or hopes [the] plaintiff may have that further connections to New York will come to light in discovery, [the] plaintiff has not provided sufficient facts to establish the jurisdiction that is a prerequisite to any such discovery." (quoting *Rosenberg v. PK Graphics*, No. 03-CV-6655, 2004 WL 1057621, at \*1 (S.D.N.Y. May 10, 2004))).  Although a court may nevertheless grant a request for jurisdictional discovery under some circumstances, those circumstances do not exist in this case since Plaintiff has not identified a genuine issue of jurisdictional fact or proposed discovery that, if granted, would likely uncover facts sufficient to sustain jurisdiction. *See Broidy Cap. Mgmt. LLC*, 944 F.3d at 446 (affirming denial of request for jurisdictional discovery because "instead of making specific requests, [the] plaintiffs merely stated in a summary paragraph at the end of their opposition that they were entitled to discovery"); *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 235 (S.D.N.Y. 2015) (denying jurisdictional discovery because "[the plaintiff] has failed to present any specific information indicating that discovery is likely to yield evidence

sufficient to demonstrate [jurisdiction over the defendant in New York]"), *aff'd sub nom.*

*Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236 (2d Cir. 2017).

Accordingly, the Court denies Plaintiff's request for jurisdictional discovery.[8]

## III. Conclusion

For the reasons stated above, the Court grants Defendants' motion to dismiss and

dismisses the action against them without prejudice for lack of personal jurisdiction pursuant to

Rule 12(b)(2) of the Federal Rules of Civil Procedure.  The Clerk of Court is directed to close

this case.

Dated: December 8, 2021
      Brooklyn, New York

SO ORDERED:

s/ MKB

_____

MARGO K. BRODIE
United States District Judge

---

[8]  Plaintiff does not request leave to amend, and the Court declines to allow amendment
as any such amendment would be futile.  *See Universal Trading & Inv. Co. v. Credit Suisse
(Guernsey) Ltd.*, 560 F. App'x 52, 56–57 (2d Cir. 2014) (finding that "even if appellants' cursory
request had been sufficient, the district court would have correctly deemed any amendment futile
as appellants did not, and still have not, pointed to a specific basis for the exercise of jurisdiction
over [the appellees]" (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11,
18 (2d Cir. 1997))); *Advanced Magnetics, Inc.*, 106 F.3d at 18 (holding that "[l]eave to amend
need not be granted, however, where the proposed amendment would be "futile").